In re Beggs—165 Ind. App. 294.

## IN RE BEGGS.

[No. 10,025. Filed October 4, 1917.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Payment of Compensation in Lump Sum.—Power of Board to Approve.*— Under the Workmen's Compensation Act, Acts 1915 p. 392, the Industrial Board has no power to approve a compensation agreement between the widow and employer awarding the widow a lump sum in place of the award provided in §37 of the act, which authorizes the payment of burial expenses and fifty-five per cent. of decedent's average weekly wages for a period of 300 weeks, where the facts of the case do not show it to be an unusual one within the terms of §43 of the act, providing for the payment of a lump sum, on the approval of the Industrial Board, in unusual cases where weekly payments have been made for not less than twenty-six weeks.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one Melissa Beggs. Question of law certified by the Industrial Board. *Question answered.*

FELT, J.—The Industrial Board of the State of Indiana has certified to this court a statement of facts, as follows:

"Statement of Facts.

"That on the 14th day of April, 1916, (A), a man of 65 years of age, was in the employment of (B) at an average weekly wage of $10.00; that on said date, while engaged in the discharge of the duties of his employment, the employe met with an accident arising

out of and in the course of his employment, by coming in contact with a high tension electric wire, as a result of which he was electrocuted, death resulting instantly; that the employer had actual personal knowledge of the said accident and death at the time of their occurrence; that the employe left surviving him as his sole dependent, his wife, 64 years of age, with whom he was living as such at the time of the accident and death; that said employe left no property of any kind except a small amount of household goods; that the wife has no property of her own and no income and no means of support and is practically blind.  For several months prior to his death the employe had been complaining of abdominal trouble but had continued to work practically without interruption.  On frequent occasions he had expressed the opinion to his wife that he had some serious abdominal trouble and expressed the wish that, upon his death, a post-mortem examination would be made to determine his trouble.  After his death, and, in compliance with his expressed wish, an autopsy was held which disclosed the fact that he was suffering from a gastric ulcer and a large abscess between the left lobe of the liver and the inflammatory tissue around the gastric ulcer.  The employer, through its insurance carrier, and the widow, have presented to the Industrial Board a· compensation agreement providing that the widow shall receive in full settlement and discharge of her claim for compensation, a cash payment of five hundred dollars."

On the foregoing statement of facts the Industrial Board has certified the following questions for our consideration:  1.  Does said board have authority under the law to approve a compensation agreement between the widow and the employer for less than 300 weeks' compensation at the rate of $5.50 per week?  2.  If the board should approve such an agreement, would it be

void under §15 of the Indiana Workmen's Compensation Act?

An examination of various workmen's compensation acts shows that they usually contain some provision for commutation of payments to a lump sum, but in each instance where the question has been considered it is recognized that commutation and payment in a lump sum is a departure from the normal method of payment under such acts, and the authority therefor in any given case must be found in the particular legislative enactment under which the parties are proceeding. In some statutes general power is conferred upon the board, or some designated court or tribunal, to which discretionary power is given to pass upon the advisability of commutation and the fairness of the proposed adjustment. In other statutes the power, when conferred, is not so general, and is limited to particular designated cases, or instances, under specified conditions. 1 Honnold, Workmen's Compensation §§179, 180, pp. 652-662; C. J. Workmen's Compensation Acts §98, p. 102; *Bailey* v. *United States Fidelity, etc., Co.* (1915), 99 Neb. 109, 155 N. W. 237, 238.

The questions propounded suggest: First, Is there any provision in the Indiana statute, authorizing commutation of payments to a lump sum and, secondly, if the statute gives such authority, Do the facts in the case at bar bring it within such provisions so as to warrant the commutation agreed upon by the parties?

Section 57 of the act (Acts 1915 p. 392) is as follows: "If after fourteen days from the date of the injury or at any time in case of death, the employer and the injured employe or his dependents reach an agreement in regard to compensation under this act, a memorandum of the agreement in the form prescribed by the Industrial Board shall be filed with the board; otherwise such agreement shall be voidable by the em-

ploye, or his dependents. If approved by the board, thereupon the memorandum shall for all purposes be enforcible by court decree as hereinafter specified. Such agreement shall be approved by said board only when the terms conform to the provisions of this act." Section 42, *supra,* gives the board discretionary power to authorize payments to be made monthly or quarterly instead of weekly. Section 43, *supra,* provides that: "Whenever any weekly payment has been continued for not less than 26 weeks, the liability therefor may in unusual cases, where the parties agree and the industrial board deems it to be for the best interest of the employe or his dependents, be redeemed by the payment, in whole or in part, by the employer, of a lump sum which shall be fixed by the board, but in no case to exceed the commutable value of the future installments which may be due under this act." Section 36, *supra,* provides that, when an employe either receives or is entitled to compensation under the act for injury, and dies from any other cause than such injury, payment of the unpaid balance of compensation shall be made to his next of kin, dependent upon him for support. Section 15, *supra,* is as follows: "No contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act except as herein provided." Section 66, *supra,* reads as follows: "All questions arising under this act, if not settled by agreement of the parties interested therein with the approval of the board, shall be determined by the board except as otherwise herein provided for." Aside from the general spirit of the act, the foregoing are all the provisions that either directly or remotely bear upon the questions propounded. Section 57, *supra,* deals with certain agreements relating

to compensation, but does not touch the subject of commutation of payments to a lump sum.

The phases of the agreement recognized by such section must therefore relate to the questions that enter into a determination of the compensation due under the provisions of the statute and payable in accordance with the general provisions for weekly payments, and as applied to the case at bar according to the provisions of §37, which authorizes payment of burial expenses and fifty-five per cent. of the average weekly wages of the deceased for a period of 300 weeks. The power of the board to approve the agreements made in pursuance of §57, *supra,* is expressly limited to approval of agreements, the terms of which conform to the provisions of the Workmen's Compensation Act. Section 43, *supra,* provides for payment of a lump sum, on approval by the board, but only in unusual cases where weekly payments have been made for not less than twenty-six weeks. The facts of this case do not bring it within the terms of this section, and we find in the act no other provisions which authorize commutation of weekly payments and the fixing of a lump sum to be paid in full settlement of a claim.

We therefore conclude that the act in question does not give the Industrial Board authority to approve the settlement set forth in the statement of facts aforesaid. The conclusion reached in answer to the first question includes an affirmative answer to the second.

NOTE.—Reported in 117 N. E. 215. See L. R. A. 1916A 172, 262; L. R. A. 1917D 179; Ann. Cas. 1918B 694.