## Elkhorn Seam Collieries Company v. Craft, By, etc.

(Decided March 17, 1925.)

### Appeal from Pike Circuit Court.

1. Master and Servant—Minor Employee Held Not Bound by Acceptance of Compensation Act.—Employee, who was minor at time of his acceptance of Workmen's Compensation Act and at time of his injury, is not bound by act.

2. Appeal and Error—Alleged Error in Admission of Evidence is Not Reviewable, in Absence of Objection at Trial.—Alleged error in admission of evidence is not reviewable, in absence of objection at trial.

3. Appeal and Error—Admission of Evidence Not Prejudicial, when Fact Otherwise Proved Without Contradiction.—Admission of Bible record to show injured person was under 16 was not prejudicial even if record was not properly verified, where there was ample competent and uncontradicted parol testimony as to his age.

4. Damages—$744.00 Damages for Bruise to Hip Held Excessive.—Seven hundred and forty-four dollars damages for bruise to hip which did not result in permanent injury or prolonged incapacity held excessive.

HARMAN, FRANCIS & HOBSON for appellant.

PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellee, Nicodemus Craft, who sued by his father, J. N. Craft, as next friend, recovered a judgment against appellant, Elkhorn Seam Collieries Company, for $744.00 in an action for personal injuries. Motion and grounds for a new trial were duly filed, which the trial court overruled, and appellant appeals.

Appellant had accepted and was operating under the provisions of the Kentucky Workmen's Compensation Law. Appellee had accepted the provisions of that law by signing the customary agreement to that effect. How-

ever, he appears to have been, both at the time when he signed the agreement and when the injury occurred, an infant under 16 years of age. Consequently, his case does not fall within the provisions of the law.

It is insisted for appellant that the Bible record introduced upon the trial of the case to establish appellee's age was not sufficiently verified and was improperly admitted. We find, however, that no objection was made to the introduction of the record in question, and hence the question can not properly be raised here. Aside from the Bible record sufficient competent parol testimony was introduced to establish that appellee was not 16 years of age when the injury occurred and no proof was introduced tending to establish that he was older. Consequently, even if we should hold that the Bible record was not properly verified its admission could not be held to be prejudicial.

It is insisted for appellant that the damages awarded are excessive. It appears that appellee, working at coal loading, was on his way into the mine to work. He was carrying a jack of powder. A motor car on which a number of miners were riding had passed him. The motor stalled on a hill shortly after passing appellee; the car ran back, struck him and knocked him down. He was carried to his home on a stretcher and did not return to work for about three weeks. The car appears to have struck him on one of his hips. According to appellee's testimony there was a bruised place about as large as his hand caused by the injury. He did not testify as to any special pain he suffered from the injury, but claims that ever since the injured leg has been dead or numb and painful and that he is unable on that account to stand or walk very much or to engage in labor. Appellee's father was introduced as a witness, and his entire testimony as to the extent and duration of his son's injury is contained in his answer to the following question: "Q. Do you remember how long he was confined to his bed? A. I do not remember the exact days, but he was hobbling around the house for 21 days." His mother testified for him also, and the following questions and answers contain all her testimony as to the injury to her son and its duration: "Q. How soon did you see your son after he was injured A. Just as soon as they could bring him home. Q. What seemed to be his condition? A. Well, he seemed to be in a bad condition; badly hurt. Q. Do you remember how long he

was confined to his bed A. Several days, and he would sit up some also.''

The testimony discloses that about three weeks after the injury appellee returned to work for appellant and for a short time worked at three different jobs. He then left and went to Loretta, West Virginia, where he worked in a railroad yard for seven days. He then went to Cleveland, Ohio, and as he testified worked there at ''snap jobs'' for seven days. Thence he went to Chicago, Illinois, and spent a week doing no work. He then went to Clinton, Iowa, and worked four days in the railroad yards. He returned to Chicago and for three days worked out of there to Omaha, Nebraska, as ''news butch'' on a train. He then returned to his former home at Collins, Kentucky, and within a very short time the family moved to Belfrey, where for several months he engaged in the same kind of work in a coal mine that he was doing when injured. From his cross-examination it appears that during the three weeks he claimed to have been confined to his home on account of his injury appellee made one journey of some distance from his home to a Fourth of July celebration. No physician or surgeon was introduced as a witness for appellee to establish the extent of his injury or whether it might reasonably be regarded as permanent or as permanently affecting his power to earn money.

On motion of appellant two surgeons were appointed by the court to make a physical examination, and they both testified for appellant. They appear to have given him a thorough examination, even to the taking of X-ray pictures, and they both testified that neither their examination nor the X-ray pictures disclosed any condition indicating that appellee could be suffering the numbness in one of his legs claimed by him as a result of his injury. Both limbs were symmetrical and of the same size and as shown by the X-ray pictures there has been no injury to the bones. Both physicians testified, however, that the numbness complained of by appellee might have been caused by an injury to the nervous system which their examination and the X-ray pictures might not have disclosed. From their testimony, however, we gather that such a condition would have been produced by an injury to the spine, and appellee at no time has complained of or claimed to have been injured about the spine. Under the facts of the case, of which the foregoing is a fair summary, the jury awarded appellee $744.00

for his injuries. We can not escape the conviction that the verdict is excessive. Appellee himself does not claim to have suffered any unusual or any great amount of pain. No bones were broken. Where the car struck his person he says there was a bruise about the size of his hand, and there is evidence of very little time lost from work as a result of the injury. There was no evidence tending to establish that the injury is permanent or that appellee's power to earn money has been permanently impaired. Within a month after receiving the injury he started on a tour of work that covered practically the entire United States. When he returned to his parental home he took up the same work that he was engaged in when injured, i. e., loading coal, and followed it, according to his own testimony, for several months. He does not claim by his own testimony that while so engaged he was not able to do as much work as he had formerly or to earn as much money as he had previously earned. His own testimony as to the work he has done since the injury, tending to establish that his injury is not permanent and that his earning capacity has not been impaired, destroys the probative value of his testimony on direct examination that his leg is numb and dead and painful and has been so ever since his injury and to such an extent as to prevent him from laboring. For these reasons we think that the verdict of the jury was excessive and should have been set aside by the trial court for that reason.

Judgment reversed and cause remanded for further proceedings consistent herewith.