### Stewart v. Model Coal Company.

(Decided November 26, 1926.)

Original Proceeding in this Court to Set Aside a Judgment in a Former Action.

1. Appeal and Error.—Court of Appeals has power, after term at which rendered, to set aside judgment for fraud, in view of Civil Code of Practice, section 518.

2. Master and Servant—Evidence Held Not to Show Fraud in Settlement for Injuries Pending Appeal from Judgment Affirming Award by Workmen's Compensation Board.—Evidence held to show that no fraud was practiced on one who made settlement for injuries received in course of employment with defendant, and who signed an order dismissing "settled" employer's appeal from circuit court affirming an award of the Workmen's Compensation Board for a larger amount.

3. Master and Servant—Compromise Settlement for Employee's Injuries, Not Approved by Compensation Board, Held Void (Work-

men's Compensation Act, Sections 8a, 26, 48).—Where Workmen's Compensation Board awarded compensation for injuries to employee, and during pendency of appeal of employer from judgment of circuit court affirming award employer and employee made compromise agreement for smaller amount, which was never approved by compensation board, held agreement void, in view of compensation act, sections 8a, 26, 48 (Kentucky Statutes, sections 4889, 4907, 4931).

4. Courts—To Render Valid Judgment, Court Must Have Jurisdiction of Parties, Subject Matter and Precise Question Decided.—To render a valid judgment, court must have, besides jurisdiction of parties and of general subject matter of action, jurisdiction of precise question which its judgment assumes to decide, or of particular remedy or relief which it assumes to grant.

5. Master and Servant—Court of Appeals had no Jurisdiction to Enter Dismissal of Appeal as Settled, where it did Not Appear that Settlement had Been Approved by Workmen's Compensation Board (Kentucky Statutes, Sections 4889, 4931).—Court of Appeals had no jurisdiction to enter order dismissing an appeal from a judgment affirming award of Workmen's Compensation Board as settled, where it was not made to appear that compromise entered into by parties settling claim for injuries to employee had been approved by compensation board, in view of Kentucky Statutes, sections 4889, 4931, providing that nothing should operate as a final settlement except a memorandum of agreement filed with and approval by board.

6. Master and Servant—Order of Court of Appeals Dismissing Appeal as Settled was Void, where Settlement had Not Been Approved by Workmen's Compensation Board (Kentucky Statutes, Sections 4889, 4931).—Order of Court of Appeals dismissing an appeal settled from a judgment affirming an award by Workmen's Compensation Board for injuries to employee, where compromise between employer and employee had not been agreed to and approved by compensation board, held void, in view of Kentucky Statutes, sections 4889, 4931.

7. Appeal and Error.—Where order or judgment of Court of Appeals was void, petitioner had right to bring proceeding to have it set aside by motion at succeeding term.

8. Master and Servant—Failure to Repay Money Received Under Void Compromise Held Not to Preclude Compensation Claimant from Moving to Set Aside Order Dismissing Appeal as Settled.—Failure of petitioner to repay sum received under void compromise, settling claim for injuries received during course of employment, held not to preclude him from moving to set aside order dismissing an appeal from judgment affirming award of Workmen's Compensation Board as settled based upon void compromise.

9. Master and Servant—Employee Held Entitled to have Void Order, Dismissing as Settled Appeal from Judgment Affirming Award for Injuries.—That employer had dismissed without prejudice an

appeal from a judgment of circuit court dismissing an action to set aside judgment of that court affirming an award of compensation board for injuries to employee at time void compromise was made between employer and employee and more than two years had elapsed, so that employer could not now attack that judgment, could not affect employee's right to have set aside order dismissing as settled appeal from judgment affirming award based on void compromise since employer was chargeable in law with knowledge that compromise settlement and order of dismissal settled were both void.

10. Master and Servant.—Under Kentucky Statutes, section 4902, Workmen's Compensation Board may review award made, upon showing of fraud, at any time within compensable period.

11. Master and Servant—Circuit Court had no Jurisdiction After Deciding Appeal from Award of Compensation Board, where Question of Fraud was Not Present to Entertain New Suit to Try Question (Kentucky Statutes, Sections 4902, 4935).—Although circuit court could have considered question of fraud if it had been presented on appeal from award of Workmen's Compensation Board, it had no jurisdiction after deciding such appeal without that question present to entertain a new suit to try such question, in view of Kentucky Statutes, sections 4902, 4935.

JOHN S. CARROLL for petitioner.

BLAKEY, DAVIS & LEWIS for respondent.

OPINION OF THE COURT BY JUDGE DIETZMAN—Granting relief.

In the year 1923 the petitioner herein, Fred Stewart, was in the employ of the respondent, Model Coal Company. Claiming to have received an injury in an accident arising out of and in the course of his employment, he instituted proceedings against the respondent before the Workmen's Compensation Board to have his claim for compensation adjudicated. The respondent put in issue the happening of the alleged accident, the alleged consequent injuries, and, further, the extent of its liability if it was liable at all. It seems that prior to the alleged accident, the petitioner had lost the sight of one of his eyes. He claimed that the accident had caused him to lose the sight of the other eye. As the case of Combs v. Hazard Blue Grass Coal Corporation, 207 Ky. 242, 268 S. W. 1070, in which we held under a similar state of facts that the employee was entitled to compensation for total disability, subject to a deduction of the amount which would have been allowable for the loss of the first eye, had not then been decided, the question whether this

was the rule or whether the employee was entitled to compensation for the loss of one eye only was then an open one in this state, and the petitioner and the respondent were at issue as to which was the correct rule to apply if the petitioner was entitled to any compensation. The board held that the petitioner had been injured in an accident arising out of and in the course of his employment; that he had thereby lost the sight of his remaining eye and that the rule subsequently laid down in the Combs case, *supra*, should be applied. Judgment was accordingly entered for petitioner in the sum of $6,000.00 credited by the sum of $1,200.00, making a net award of $4,800.00, to be payable in weekly installments as the statute provides. The Model Coal Company prosecuted an appeal to the Harlan circuit court, where the award was affirmed, from which judgment an appeal to this court was granted the respondent. Pending the appeal to the circuit court a number of installments of the board's award had accrued but had not been paid. On motion, the Harlan circuit court ordered the respondent to continue the payment of the installments pending the appeal from its judgment to this court. In December, 1923, there being then due about $950.00 back installments under the board's award, the petitioner and respondent agreed that the respondent would pay the petitioner the sum of $1,000.00 and the petitioner would not seek to enforce by execution or otherwise the payment of future installments of the award pending the appeal in this court. The respondent says that it was moved to make this agreement at this time because, even under its theory of the case, if it was liable at all, it at least owed the petitioner the sum of $1,200.00, and since it placed but little faith in its appeal except so far as the question of its extent of liability was concerned, it thought that it was well within the coefficient of safety when it agreed to pay this $1,000.00. While the respondent was preparing its appeal to this court, it claims to have discovered that the petitioner was a paroled convict and that he had secured his parole prior to the accident of which he was complaining from the State Board of Charities and Corrections of Kentucky, on the representation to that board that he had lost the sight of one eye and that a disease was then causing him to lose the sight of the other eye. Deeming this information sufficient to establish the fact that the petitioner's loss of the sight of the eye herein

complained of was due to a pre-existing disease, and not to the alleged accident, and that the award he had secured from the compensation board had been procured by fraud, the respondent declined to pay the $1,000.00 it had agreed to pay by the contract of December, 1923, and brought an action in the Harlan circuit court under section 518 of the Civil Code to set aside the judgment of that court affirming the award of the compensation board. A demurrer having been sustained to its petition and it having declined to plead further, its petition was dismissed and it prosecuted an appeal in that case to this court. Such was the situation in the spring of 1924.

On August 14, 1924, there was paid to the attorneys representing the petitioner in the litigation then pending the sum of $1,500.00, of which they retained the sum of $500.00 for attorneys' fees, the balance being paid over to the petitioner, who was present when the draft for $1,500.00 was turned over to his counsel and cashed by them. At the same time, the petitioner, who was totally blind, signed by mark a receipt and an order "dismissing settled" the appeal from the Harlan circuit court affirming the award of the compensation board pending in this court. This order was later filed in this court and that appeal dismissed, the respondent at the same time dismissing without prejudice its other appeal from the judgment of the Harlan circuit court dismissing its suit brought to set aside the judgment affirming the award of the compensation board.

On November 6, 1925, the petitioner filed in this court this proceeding to set aside the order heretofore entered "dismissing settled" the respondent's first appeal. From the pleadings in this proceeding it appears that the petitioner seeks this relief on the ground that the settlement and the order of dismissal filed in this court were procured by fraud, and that the settlement, however procured, had never been approved by the Workmen's Compensation Board, for which reason such settlement and the order of dismissal were erroneous and void.

That this court has the power to set aside a judgment rendered by it after the term at which it was rendered because procured by fraud, is clear to us. In 34 C. J. 278, it is said:

> "The fact that a judgment was obtained through fraud or collusion is universally held to constitute a sufficient reason for opening or vacating such judg-

ment in a proper form of proceeding, either before or after the term at which it was rendered, courts of record possessing an inherent common law power in this behalf which is not dependent upon legislation, although in some states statutes expressly confer power to vacate judgments upon the ground of fraud and regulate its exercise.''

Long prior to the adoption of our first Civil Code, it was the settled rule in this state that a judgment or decree obtained by fraud could be avoided by a bill in chancery. Williams v. Fowler, 2 J. J. Marsh. 405; Prewitt v. Singleton's Exors. 3 J. J. Marsh 707; Edmondson v. Moseby's Heirs, 4 J. J. Marsh. 497. This was in accord with the common law rule that judgments obtained by fraud should not be allowed to stand and could be set aside after the term at which they were rendered. Though these cases bear on the right to set aside judgments in a *nisi prius* court, the logic of the rule is equally applicable to an appellate court. Possessing inherent power then to set aside a judgment procured by fraud though at a former term of this court, which power has not been abrogated by any statute of this state, we are clearly of the opiniin that the petitioner has the right to maintain this action. Compare section 518 of the Civil Code.

To establish the fraud claimed the petitioner testified that when he received the money he did and signed the receipt for it, he did not know that he was settling his claim; that he never intended to settle his claim; that he never signed any order dismissing the appeal settled, but only a receipt for $1,000.00, as he thought; that it was represented to him by his counsel and by one of the attorneys of the respondent at the time he got the $1,000.00 and signed the receipt in question that this was all the money that was being paid, and that it was being paid in satisfaction of the agreement and contract entered into in December, 1923, wherein the respondent agreed to pay him this sum if he would not insist on payments of compensation *pendente lite,* and that had he known the truth he would not have signed the receipts and papers dismissing his case. He introduced no other evidence except his own testimony. On the other hand, the evidence for the respondent shows that as early as February 1924, the petitioner had written from Harlan county to the Hon. Leon P. Lewis, who was the chief counsel for the respondent, and who resided in Louisville, Kentucky,

a letter soliciting a lump sum settlement of his case in
the sum of $2,800.00. The petitioner never denied writing
this letter or any of the other letters hereinafter men-
tioned and attributed to him. Mr. Lewis did not answer
this letter of Stewart's to Stewart but took up the negoti-
ations concerning the settlement of the case with
Stewart's lawyers, Pope and Huff, and particularly with
Mr. R. L. Pope of Knoxville, Tennessee. A number of
letters passed between these gentlemen looking to a set-
tlement. On July 10, 1924, Mr. Pope suggested the sum
of $2,000.00 as the figure on which the case should be
settled. On July 30th the firm of Blakey, Davis & Lewis
made a counter proposition of $1,500.00. Mr. Huff testi-
fied that he communicated this offer to Stewart, and a
letter in this record of date August 6, 1924, from Stewart
to Sharp, an adjuster of the insurance carrier of the
respondent, and a letter of the same date from Stewart
to Huff, strongly corroborate Huff in this regard. On
August 8th Mr. Pope wrote and mailed a letter to Stewart
which Stewart never denied he received, in which he said:

"I have a letter from Mr. Huff stating that he
told you the company had offered us $1,500.00 to
settle your case, and I also have your letter back to
Mr. Huff. Of course we do not know what the Court
of Appeals will do with your case, as they may re-
verse it or they may hold that you are justly entitled
to $1,200.00, since that is the amount allowed for the
loss of one eye. You know this is a new question in
Kentucky and we do not know how the court will
settle it. You can do as you like, but in my judgment
it would be the best thing for you to settle and get
this amount sure. However, do whatever you think
best and we will abide by the consequences as we
have done the best we could. If you desire to settle
let me know by return mail."

In answer to this, Stewart wrote Mr. Pope under
date of August 9th, 1924, the following letter:

"Your letter received today. In reply to yours,
your opinion coincides exactly with mine. I will
hold adage, a bird in hand tho small is better than
one in bush large. I am tired out more so with Huff
than with Co. therefore in making this settlement
cannot the money be turned over to me at Pineville.
If not there, I can come to Knoxville. I certainly

will not settle with Huff in Harlan. He has bungled my and other people business to bad. Therefore I want to deal directly with you settle this matter at once. The sooner the better. In writing me you need not use any figures, as I know what they are. I will tell you more about the reasons why I want this matter settled so quick for. So go a head.''

On receipt of this letter Mr. Pope communicated Stewart's acceptance of the settlement proposed to Mr. Lewis and a draft for $1,500.00, together with the necessary receipts and order of dismissal of the case pending in this court, were sent by the firm of Mr. Lewis to Mr. J. B. Snyder in Harlan county. Mr. Snyder, who represented the respondent in the payment of this $1,500.00, was instructed to turn this draft over to Mr. Huff and Mr. Stewart on the latter's signing the receipt and order of dismissal. On the arrival of the documents, Snyder informed Huff that he was ready to settle and then Huff sent for Stewart. Stewart came to Huff's office and the two went to Snyder's office. Stewart, being blind, signed the receipt and order of dismissal by his mark, and was given out of the draft of $1,500.00 the sum of $1,000.00, his attorneys retaining the other $500.00 as a fee. Although the question is not before us at this time it may be remarked in passing that the percentage which Stewart's lawyers retained does not seem to be authorized by the statutes. See Kentucky Statutes, section 4942. Both Snyder and Huff say that Stewart knew he was settling his case and that neither of them made any representations to him about the payment being under the contract of December, 1923, or in settlement thereof. On the evidence in this case, we conclude that no fraud was practiced upon Stewart in this settlement certainly none by the successful party, the respondent. The evidence shows that the attorneys for the respondent acted with the most scrupulous regard for the ethics of the situation and made no representations, fraudulent or otherwise, to Stewart to bring about the settlement. The communications which came from the respondent's attorneys were made exclusively to Stewart's lawyers, and we fail to find an iota of evidence in this record showing any fraudulent conduct or any conduct other than the best on the part of the respondent or any of its counsel. We may also say that we are fully convinced that Stewart's lawyers acted with all fairness to him, and that the cor-

respondence introduced by the respondent which passed between Stewart and his counsel and which Stewart never denied nor attempted to explain away, shows beyond a peradventure of a doubt that Stewart knew that he was settling his case for a lump sum settlement at the time he did and that no fraud was practiced upon him by his counsel.

Passing now to that branch of the case which is based on the theory that the settlement entered into between Stewart and the respondent and the order "dismissing settled" the first appeal from the Harlan circuit court were void because not approved by the Workmen's Compensation Board, we first may state that the settlement was made and the order of dismissal entered prior to the decision of this court in the case of Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S. W. 533, where we held that a compromise settlement of a compensation claim can be made by an employer and an employee only when such compromise agreement is approved by the compensation board. The opinion in that case was rested on our construction of section 8a of the Compensation Act, now section 4889 of our present statutes, which reads:

"No contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act, except as herein provided;"

and also of section 48 of the act, now section 4931 of the statutes, and section 26 of the act, now section 4907 of the statutes.

The last mentioned section, among other things, specifically provides that nothing "shall operate as a final settlement except a memorandum of agreement filed with and approved by the board in accordance with this section." Although the word "void" was not used in the Abbott opinion in connection with settlements of compensation claims which are not approved by the board, the reasoning of that opinion and the result reached therein clearly were based on the theory that such settlements are void. This being true, then, as the compromise agreement here entered into between the respondent and the petitioner was never approved by the compensation board, it was void. Does it follow that the

order of "dismissal settled" entered in this court in the first appeal from the Harlan circuit court was void, or was it simply erroneous?

It is usually stated that the validity of a judgment depends on whether or not the court rendering such judgment had jurisdiction of the parties and of the general subject matter of the action. A more precise statement of the rule is that, besides jurisdiction of the parties and of the general subject matter of the action, it is further necessary to the validity of a judgment that the court should have jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant. In other words, the court must have cognizance of the class of cases to which the one to be adjudged belongs; secondly, the proper parties must be present; and, thirdly, the point decided must be in substance and effect within the issue. Black on Judgments, second edition, section 242; 33 C. J. 1076. In the appeal from the first judgment of the Harlan circuit court, this court undoubtedly had jurisdiction of the parties and of the general subject matter of that appeal. The order of "dismissal settled" entered in that appeal was a judgment of this court that the differences between the parties had been lawfully adjusted and compromised. Cf. Karnes v. Black, 185 Ky. 410, 215 S. W. 191. But did the court, in the absence of a manifestation that the compensation board had approved of the compromise, have jurisdiction to enter such a judgment adjudging that the parties had lawfully adjusted their differences? We think not in view of the mandatory nature of the quoted portion of sections 4889 and 4931 of the statutes as construed in the Abbott case. The legislature said that "nothing" should operate as a final settlement except a memorandum of agreement filed with and approved by the board. If "nothing" except such a memorandum can operate as a final compromise of the rights of the parties, then not even a judgment of this court can so operate unless the compromise settlement be first approved by the board, and it follows that the court has no jurisdiction to enter such an order dismissing an appeal settled, unless and until it is made to appear to this court that the compromise entered into by the parties has been agreed to and approved by the compensation board. Though the court may have jurisdiction of the parties and of the general subject matter of the appeal, it has not jurisdiction to grant the par-

ticular remedy or relief of dismissing the appeal settled until it has been shown that the compensation board approves of such compromise. The order of dismissal here attacked was entered without any showing that the compensation board had approved of it. In fact, it had not. It follows that such order or judgment was void, as we were without jurisdiction to enter it. The order or judgment being void, the petitioner clearly had the right to bring this proceeding to have it set aside. A void judgment may be set aside even by motion at a succeeding term. As said in Hughes v. Saffell, 134 Ky. 175, 119 S. W. 804:

"If the judgment is void, it is a nullity, and, if it is a nullity, it may be set aside upon motion in the court which entered it. This was always the common law rule."

The respondent argues, however, that the petitioner should not be awarded the relief he here seeks until he has repaid the $1,500.00 he and his attorneys received under this settlement. Had the compromise been a voidable one, respondent's position might be well taken, but, it being void because prohibited by the statute, the failure to tender back the money received does not preclude the petitioner from pursuing the relief here sought. He is not seeking to avoid a compromise. It is void already. Petitioner is simply seeking to have formally set aside what is already a nullity. Whether respondent may by an independent action recover back this $1,500.00 we need not decide, but certainly the failure of the petitioner to restore this sum to the respondent cannot prevent him from maintaining an action to set aside this void judgment. See 13 C. J. 506. Compare Johnson v. Johnson's Committee, 122 Ky. 13, 90 S. W. 964.

Respondent complains bitterly of the fact that if the judgment here attacked be set aside, it will be left in the position of impotency to attack the award of the compensation board, since it has dismissed without prejudice its appeal from the judgment of the Harlan circuit court declining to open up its former judgment affirming the award of the board and more than two years have elapsed since the judgment the appeal from which was dismissed without prejudice was entered. Although this complaint of the respondent could not militate against the conclusions we have reached since it was, in law, chargeable from the start with the knowledge that its

compromise settlement and the order of "dismissal settled" were both void, yet we may say that respondent's position is not so bad as it seems to think it is. By section 21 of the Compensation Act, now section 4902 of the statutes, it is provided that upon its own motion or upon the application of any party interested of a showing of change of conditions, mistake or *fraud,* the compensation board may at any time review any award or order it has theretofore made. We have held in the cases of Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169, and Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039, that the action thus authorized by the statutes may be taken at any time within the compensable period. In bringing its action in the Harlan circuit court to set aside the judgment affirming the award of the board on the ground that the award had been procured by the petitioner through fraud, the respondent chose the wrong forum. Though the Harlan circuit court might have considered such a question of fraud had the respondent known of it and presented it on the court's consideration of the appeal from the award of the board (Kentucky Statutes, section 4935), that court had no jurisdiction, after deciding such appeal without that question present, to entertain a new suit to try such question. Section 4902 provides that such a proceeding must be instituted before the board and in a proper state of case, an appeal may be then prosecuted from its judgment to the circuit court. This remedy is yet open to the respondent, if it still wishes, to question the former award of the board affirmed by the Harlan circuit court, since the compensable period has not yet expired.

Wherefore, the order of this court entered in action No. 50901, on the 17th day of September, 1924, dismissing that action settled, is set aside and held for naught; that action is now restored to the docket of this court and the petitioner is awarded his costs herein expended.

Whole court sitting.