## Eagle Fluorspar Company v. LaRue.

(Decided November 22, 1929.)

C. C. GRASSHAM and JOHN W. BLUE, Jr., for appellant.

JOHN A. MOORE and C. S. NUNN for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellee, Wallace J. LaRue, was injured while employed by the Eagle Fluorspar Company. The company paid his hospital and medical bills amounting to $100, and $339 compensation in weekly installments of $13.65 each. It ceased making the weekly payments, and appellee then applied to the Workmen's Compensation Board for an award.

On April 3, 1928, the board made an award for compensation at the rate of $11.60 per week for 36 weeks and $9 per week for 299 weeks with 6 per cent. interest on all past-due payments to be credited by the amounts theretofore paid. Appellant did not appear at the hearing before the board and failed to make any payment under the award. Appellee learned that appellant's insurance, which it was required to carry under the Compensation Law, had lapsed. On May 14, 1928, appellee filed an equity action in the Crittenden circuit court, based on a copy of the award, in which he sought a judgment for the full amount of the award, for a lien on the real estate of appellant, and for its sale for the payment of the judgment. Summons was served on appellant but no defense was interposed, and at the June term, 1928, of the circuit court a judgment was rendered in favor of

appellee against appellant for the sum of $2,669.60 with interest at 6 per cent. from May 28, 1927. A lien was adjudged upon appellant's property and a sale of the property directed in satisfaction thereof. The property was advertised for sale, and on August 30, 1928, appellant brought this suit against the appellee, his attorneys, the master commissioner, and the Compensation Board, in which it sought to enjoin the defendants from taking further proceedings to enforce the judgment entered at the June term of the Crittenden circuit court and asked that that judgment be declared void. A demurrer to the petition was sustained, and, the appellant declining to plead further, judgment was entered dismissing the petition, and from that judgment it has appealed.

The principal reason urged for declaring the judgment void is that the compensation board was not a party to the suit and the court was without jurisdiction to precipitate the payments that had been awarded by the board and to enter a judgment for a lump sum. If the circuit court was without jurisdiction to enter such a judgment without the consent of the compensation board, then the judgment is void.

Section 4889, Kentucky Statutes, reads:

"No contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act, except as herein provided."

In construing that section and section 4907, which deals with lump-sum payments of awards theretofore rendered, in Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S. W. 533, 47 A. L. R. 789, it was held that the employer and employee could not agree upon a fixed sum in settlement of a compensation claim without approval or consent of the board.

In Stewart v. Model Coal Co., 216 Ky. 742, 288 S. W. 696, 700, it was held that an agreed judgment attempting to put into effect the compromise agreement of the parties without the approval of the Compensation Board was void. In the course of the opinion it was said:

"It is usually stated that the validity of a judgment depends on whether or not the court rendering such judgment had jurisdiction of the parties and of the general subject-matter of the action. A more

precise statement of the rule is that, besides jurisdiction of the parties and of the general subject-matter of the action, it is further necessary to the validity of a judgment that the court should have jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant. In other words the court must have cognizance of the class of cases to which the one to be adjudged belongs; secondly, the proper parties must be present; and, thirdly, the point decided must be in substance and effect within the issue. Black on Judgment (2d Ed.) sec. 242; 33 C. J. 1076. In the appeal from the first judgment of the Harlan circuit court, this court undoubtedly had jurisdiction of the parties and of the general subject-matter of that appeal. The order of 'dismissal settled' entered in that appeal was a judgment of this court that the differences between the parties had been lawfully adjusted and compromised. Cf. Karnes v. Black, 185 Ky. 410, 215 S. W. 191. But did the court, in the absence of a manifestation that the Compensation Board had approved of the compromise, have jurisdiction to enter such judgment adjudging that the parties had lawfully adjusted their differences? We think not in view of the mandatory nature of the quoted portion of sections 4889 and 4931 of the statutes as construed in the Abbott case. The Legislature said that 'nothing' should operate as a final settlement except a memorandum of agreement filed with and approved by the board. If 'nothing' except such a memorandum can operate as a final compromise of the rights of the parties, then not even a judgment of this court can so operate unless the compromise settlement be first approved by the board, and it follows that the court has no jurisdiction to enter such an order dismissing an appeal settled unless and until it is made to appear to this court that the compromise entered into by the parties has been agreed to and approved by the Compensation Board. Though the court may have jurisdiction of the parties and of the general subject-matter of the appeal, it has not jurisdiction to grant the particular remedy or relief of dismissing the appeal settled until it has been shown that the Compensation Board approves of such compromise. The order of dismissal here attacked was en-

tered without any showing that the Compensation Board had approved of it. In fact, it had not. It follows that such order or judgment was void, as we were without jurisdiction to enter it. The order or judgment being void, the petitioner clearly had the right to bring this proceeding to have it set aside."

The Compensation Act provides that compensation shall be payable on the regular pay day of the employer commencing with the regular pay day after seven days after the injury and future payments may be commuted to a lump sum in any case where the board may determine that it will be for the best interests of either party. Kentucky Statutes, secs. 4887 and 4907.

The purpose of periodical payments is to give the employee an income payable as his wages were paid and to preclude any possibility of an imprudent employee or dependent wasting the means provided for his support and thereby becoming a charge upon society. In most cases it is much better for the employee and his family that the compensation be paid in installments corresponding to the payment of his wages. This is the plan of the act and it is only in exceptional cases that the board should approve commutations. The discretion to commute future payments to a lump sum is vested solely in the board, and courts are without jurisdiction to adjudge a lump-sum payment without the approval of the board. Since the board was not a party to the suit in the circuit court to enforce the award and it does not affirmatively appear that its consent was obtained before the judgment was rendered, it follows that the judgment is void.

While the present case does not involve any agreement or compromise between the employer and employee, yet if appellee's contention that the judgment is valid should be sustained, they would be permitted to do indirectly what they cannot do directly. If the board refused to approve a commutation of the award to a lump sum, the employer need only to cease payments and the employee could file a copy of the award in the circuit court and ask that the payments be commuted to a lump sum. It should be noted that in making commutations the present value of the future installments of compensation, calculated on a 5 per cent. basis, should be taken. That was not done in this case, but the payments were precipitated and judgment for the full amount rendered.

There is no provision in the act for precipitating the payments.

A situation might arise where it would be advisable to commute future payments to a lump sum but inadvisable to pay the lump sum to the employee or dependent. Where such a situation arises, section 4908 provides a method for protecting the employee and, at the same time, carrying out the purpose of the act. That section provides that whenever for any reason the board may deem it expedient, any lump-sum payment shall be made to a suitable person or a corporation appointed by the judge of the county court of the county of the residence of the injured employee or his dependents as trustee to administer or apply the fund for the benefit of the person or persons entitled thereto.

In the event that an employer refused to comply with the judgment of the circuit court enforcing the award of the board and it became necessary to issue an execution as each payment fell due, or if for any reason there was a probability that future payments would be lost, the court in a proper proceeding undoubtedly could, with the consent of the board, enter a judgment for the present value of the future payments and the full amount could be paid to the employee, or preserved and paid to him as provided for in section 4908, at the discretion of the board.

Being of the opinion that the judgment sought to be vacated is void, the judgment herein is reversed and the cause remanded for proceedings consistent herewith.