## Hatfield v. Billiter & Wiley.

(Decided November 29, 1929.)

TURNER & CREAL and M. C. REDWINE for appellant.

HARVEY LISLE, FRANK L. McCARTHY and WALLACE MUIR for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

On and prior to September 1, 1922, William Hatfield was an employee of the road-contracting partnership of Billiter & Wiley, composed of the defendants S. M. Billiter and Rodman Wiley. The parties were operating

under the provisions of our Workmen's Compensation Act, and on the day mentioned the employee, Hatfield, sustained an injury which arose out of and in the course of his employment and for which his employers, the defendants, allowed and paid him $9.75 per week for 8 weeks, but at the time the agreement was entered into there was no period fixed for the continuance of such payments, or when they should cease, and the employers stopped them after the expiration of 8 weeks. The employee died on December 20, 1923, and the appellant and plaintiff below, Susan Hatfield, his widow and sole dependent, made application to the Compensation Board for compensation for the death of her husband, and an award was rendered on June 2, 1925, allowing her, as such dependent, $9.75 per week for a period of 335 weeks, with interest on all past-due payments, and $75 for burial expenses, and a sum not to exceed $100 for medical services.

Within the time prescribed by the statute, the employers, who are the appellees and defendants in this case, filed their petition for review in the Clark circuit court, and in which the issues were made up and the cause was pending on the petition for review, when counsel for plaintiff and defendants signed an agreement in the form of a judgment whereby it was agreed: "That Susan Hatfield recover of Billiter & Wiley the sum of $2,250.00, for costs in this action in full settlement of all claims of Susan Hatfield against Billiter & Wiley by reason of the death of her husband while working for Billiter & Wiley." That agreement was made the judgment of the court, and it was paid to the attorneys of Mrs. Hatfield, who agreed that her counsel might retain $500, and she was paid by them the balance of $1,750.

On August 9, 1928, this action was filed by Mrs. Hatfield against the appellees and defendants below, Billiter & Wiley, seeking to vacate and annul the lump-sum settlement contained in the agreed judgment, upon the grounds: (1) That she was old, illiterate, and inexperienced, and was imposed upon, and that her agreement thereto was obtained by misrepresentation and fraud; and (2) that the agreed judgment was void because not approved and consented to by the Compensation Board. Proper pleadings made the issues, and upon submission the court dismissed plaintiff's petition and declined to vacate the attacked agreed judgment, and complaining of that ruling of the court plaintiff prosecutes this ap-

peal. Because of our conclusions concerning ground 2 of the attack made on the judgment in plaintiff's petition, we deem it unnecessary to discuss or determine ground 1 therefor, although we might add that it is ex-. ceedingly doubtful if it was sustained by the evidence heard at the trial.

In the recent cases of Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S. W. 533, 47 A. L. R. 789; Stewart v. Model Coal Co., 216 Ky. 742, 288 S. W. 696, and Eagle Fluorspar Co. v. LaRue (Ky.) 21 S. W. (2d) — (decided November 22, 1929), we held in substance, as stated in the syllabus to the Abbott case, that: "Ky. Stats., sec. 4889, prohibiting contract to relieve employer of any obligation created by Workmen's Compensation Act, except as therein provided, does not refer to withdrawing provision, section 4959, but refers to obligations about which there were provided conditions under which permissible agreement might be made under sections 4907 and 4931, both of which require consent and approval of Compensation Board, and any agreement between employer and employee to compromise liability for compensation, to be legal, must be approved by Compensation Board."

An examination of the opinions in those cases will clearly reveal the fact that such conclusion was not only reached because of our construction and interpretation of certain sections of our Compensation Act which are as designated and referred to in those opinions, but also upon the general proposition that the entire scheme, object, and purpose of such statutes was founded upon and in furtherance of a wholesome public policy whereby injured indigent employees and their dependents, if killed, would receive benefits whereby they would be relieved from becoming dependents upon the public bounty. To accomplish that purpose the statute made it a part of the duties of the Compensation Board and vested it with authority and power somewhat analogous to those conferred by law upon trustees, guardians, and similar fiduciaries with reference to their beneficiaries and wards. The Compensation Statute, among other things, specifically points out how and under what circumstances an award of the board may be commuted to a lump sum, and section 4908 of our Statutes, being section 27 of the act, also points out how such lump-sum settlements may be distributed to the beneficiary. Those cases also hold

that a lump-sum settlement, arrived at solely between the parties and *not* consented to or approved by the board is void, and that such invalidity is not removed by the fact that the agreement is reduced to judgment; the invalidity attaching to the latter the same as it does to the inter partes agreement not consented to nor approved by the board before its adoption by the court as its judgment.

The record establishes that the agreed judgment in this case was never presented to or consented to by the board and it took no action thereon whatever. It is true that it was a party to the review proceedings in the circuit court in which the agreed judgment was rendered, but it was never consulted with reference thereto and never consented to it. Numerous cases from this court could be cited to the effect that a judgment based upon an agreement by only part of the joint litigants is not binding on the nonconsenting ones, unless those agreeing represented the others in such a way as to bind them under the principles of agency. Neither Mrs. Hatfield nor the defendants in this case sustained any such relation to the Compensation Board at the time the agreed judgment involved herein was rendered. Under the principles announced in the cases supra, the conclusion is inevitable that the attacked agreed judgment was and is void and should have been set aside in this proceedings filed for that purpose, unless some legal reason exists for not doing so. It is urged by learned counsel for defendants that it was incumbent upon Mrs. Hatfield, as a condition precedent to her right to maintain the action, to refund to defendants or tender in court the amount she received under the agreed judgment, but that question was decided adversely to that contention in the Stewart case, supra, and from which we see no reason to depart.

Counsel for appellant insist that if we should reverse the judgment, as we have determined should be done, we should then direct the circuit court to affirm the award, since there was testimony heard before the board to authorize its finding of facts upon which the award was based, and that being true under the statute and numerous opinions of this court a reviewing court must accept such facts. But a serious trouble with that insistence is that it does not appear from *this* record that the circuit court had before it in the reviewing proceedings the tes-

timony heard by the board upon which it based its award. It is true that the award is made a part of this record and there is copied in it *some* of the testimony of the applicant that it is said was introduced before the board; but the award does not contain all of such evidence, nor does it appear what parts of the testimony heard before the board, if any, were made a part of the review proceedings in the circuit court. The record of that proceedings is not made a part of this one, and conceding (but without deciding) our authority to direct the character of judgment that should be rendered *if* it appeared that the testimony before the board was likewise before the circuit court, it is manifest that we cannot do so when it does not appear that the evidence was in some manner a part of the circuit court record. In the circumstances the only directions we are authorized to make are that the court set aside and vacate the agreed judgment and proceed with a hearing of the review action.

Wherefore, the judgment is reversed, with directions for proceedings consistent with this opinion.