## Dotson v. People's Bank.

(Decided April 29, 1930.)

THAD CHEATHAM and AMOS WILLIAMS for appellant.

W. R. REASOR for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The People's Bank instituted an action in equity against Margaret L. Dotson to subject to her husband's debt real property conveyed to her by him. It was alleged that the bank had lent M. M. Dotson $630.10 on December 27, 1921, for which sum he then executed his note. He made various payments on the note, and executed renewals thereof. Finally, on July 8, 1926, Dotson executed a renewal note for $398.51, the balance then owed. Some small amounts realized from the sales of collateral were applied on this balance. It was further alleged that M. M. Dotson, while he was indebted to the palintiff, and with the fraudulent intent to cheat, hinder, and delay his creditors, had conveyed to the defendant, Margaret L. Dotson, who was then his wife, a one-half interest in certain real property. The petition prayed that the deed be set aside, that the property be subjected to plaintiff's claim, and for general relief. The defendant filed a gen-

eral demurrer to the petition. An amended petition was filed alleging that M. M. Dotson had died intestate in 1927, without personal estate, and that no one had qualified as his personal representative. Some additional credits were pleaded, so that the ultimate balance sought to be recovered was $270.17, with interest from February 15, 1928. The defendant filed an answer, consisting of a traverse of the allegations of the petition, and containing some affirmative defenses. A reply completed the issues. Some proof was taken, and it was supplemented by an agreed statement of facts. The trial court rendered a personal judgment against Margaret L. Dotson for the balance due on the debt, adjudged the deed from M. M. Dotson to his wife to be fraudulent as to plaintiff, and to that extent set it aside and authorized the issuance of an execution on the judgment. Margaret L. Dotson has entered a motion for an appeal.

A preliminary question of practice is raised. The People's Bank has interposed a motion to dismiss the appeal. No appeal is pending, however, but simply a motion of Margaret L. Dotson for an appeal. The point raised on the record is that no appeal can be granted or prosecuted from the judgment below until there has been a motion in the lower court to set it aside. The argument proceeds upon the theory that the personal judgment is void, and review thereof cannot be had in the Court of Appeals until the circuit court has denied a motion to correct it. Section 763, Civ. Code Prac. It is a rule in this jurisdiction that a judgment is void if it adjudicates matters not embraced by the pleadings or within the issues raised. Cecil v. Cecil's Ex'rs, 185 Ky. 787, 215 S. W. 794; Halcomb v. Phipps, 194 Ky. 648, 240 S. W. 363; Stewart v. Model Coal Co., 216 Ky. 742, 288 S. W. 696; Eagle Fluorspar Co. v. La Rue, 231 Ky. 757, 21 S. W. (2d) 1026; Cf. 33 C. J. sec. 93, p. 1152. It is contended that the personal judgment against the grantee in the deed was unauthorized by the pleadings, not within the issues, and therefore void. But such a limited view of the record is not warranted by the facts. The bank was endeavoring to collect the personal debt of M. M. Dotson by subjecting to it the property conveyed by him to his wife and still held by her. There was a prayer for general relief, defense was made, and it could not be said that a judgment holding the wife personally responsible

under the circumstances was so far beyond the issues embraced by the pleadings and agreed statement of facts as to render the judgment void. Civ. Code Prac. sec. 90; Alexander v. Owen County, 136 Ky. 420, 124 S. W. 386; Lodge v. Williams, 195 Ky. 773, 243 S. W. 1011. See Farley v. Gibson, 27 S. W. (2d) —, this day decided. The court had jurisdiction of the subject matter and of the parties, and it possessed the power to enter a personal judgment for the debt asserted. Its action, therefore, was not void, and, if erroneous, could be corrected by proceeding in this court for an appeal. Lorton v. Ashbrook, 220 Ky. 831, 295 S. W. 1027. Personal judgments erroneously rendered are revised by this court on direct appeal, and not by motion in the court where the error was committed. Hansford v. Holdam, 14 Bush, 210; Payne v. Witherspoon, 14 B. Mon. 270; Chesapeake & O. Ry. Co. v. City of Olive Hill, 231 Ky. 65, 21 S. W. (2d) 127; Shaw v. McKnight-Keaton Grocery Co., 231 Ky. 223, 21 S. W. (2d) 269.

On the merits, however, the court did not render the appropriate decree. The attack on the conveyance from Dotson to his wife was based on section 1906, Kentucky Statutes, which provides that every gift, conveyance, assignment, or transfer of any estate, real or personal, made with the intent to delay, hinder and defraud creditors shall be void as against creditors. Mrs. Dotson undertook to sustain the conveyance to her by showing that she had paid a note slightly in excess of $300, which had been executed as a part of the consideration for the land. The land was worth a sum greatly in excess of the amount of the note, and it was a palpable fraud on his creditors for Dotson to convey the entire property to his wife without paying or providing for the payment of his debts. It was a conveyance from a husband to his wife, and cast upon the grantee the burden of showing that she was a purchaser for a valuable and adequate consideration, without notice of the fraudulent intent of the grantor. Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, 175 S. W. 992; Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050. Mrs. Dotson not only failed to show facts to sustain the transaction, but affirmatively showed that her only claim to the property arose from the payment of a lien note of $318.28. She stipulated that the property conveyed to her was worth from $1,250 to $1,500 at the time of the conveyance. Under such circumstances, the

court should have vacated the deed to the extent necessary for the protection of the rights of the bank, and subjected the land to the payment of its debt.

The judgment is reversed for proceedings in accordance with this opinion.