## Edgewater Coal Company v. Ramey et al.

(Decided October 24, 1930.,

HOWARD VAN ANTWERP, JR., and HARMAN, FRANCIS & HOBSON for appellant.

ROSCOE VANOVER, JR., and W. W. REYNOLDS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On March 29, 1927, the appellee, while working for the appellant Edgewater Coal Company, was struck in the right eye by a small piece of coal. It is conceded that this accident arose out of and in the course of his employment. A slight ulcer on the cornea of the eye resulted due to a slight infection in the wound caused by the coal hitting the eye. The ulcer yielded to treatment, and in course of time was healed and cured. There was a slight scar left on the cornea. About a year later appellee, whose right eye had in the meantime become practically blind, made application for compensation under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.) on the theory that the blindness of this eye was caused by the accident of March 29, 1927. On a hearing before one member of the compensation board, it was held that the blindness of appellee's right eye was due 50 per cent. to the accident and 50 per cent. to a pre-existing disease, and an order awarding compensation in accordance with this finding was entered. On a review by the full board, this order was affirmed. Thereupon the appellant took a petition for review to the circuit

court which affirmed the award of the compensation board, and, from the judgment of the circuit court so affirming the award of the compensation board, this appeal is prosecuted.

The sole ground relied upon for reversal is that there was no evidence to support the finding of the board that the blindness of appellee's right eye was due in any part to the accident. Appellant insists that the uncontradicted evidence is to the effect that the blindness of the eye was due to a pre-existing disease. Appellee introduced no evidence except his own testimony. Appellant introduced three witnesses, all of whom were eye specialists. They all testified that the blindness of the eye was due to an involvement of the choroid and the retina and was not due in any manner whatever to the scar on the cornea. They were unable to state what had caused the involvement of the choroid and retina, contenting themselves with saying that many things could have caused it, as for instance the condition of appellee's blood. The appellee's testimony was to the effect that he had never had any trouble with his eyesight prior to the accident, but that immediately following it the eyesight in this right eye began to diminish and finally failed entirely. Thus we see that the compensation board had before it the fact that the eyesight of the appellee had never troubled him until this accident; that an infection of the cornea was caused by this accident; and that an infection affects, to some degree at least, the blood. While it is true that the testimony of the doctors was to the effect that the involvement of the choroid and retina was not due primarily to the accident, yet as it became manifest soon, if not immediately, after the accident, the board was, by the sequence of events and the facts it had before it as above outlined, warranted in finding that the accident accelerated or precipitated the involvement of the choroid and retina. In the case of Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34, the situation was very much like that in the instant case. There the employee suffered a stroke of paralysis right after he had received an injury in the course of and arising out of his employment. The employer proved by three witnesses, all doctors, that the paralysis was due to apoplexy which could not have been brought about by the accident. The employee did not introduce any physician or in any way attempt to prove that the stroke of

paralysis resulted ·proximately or solely from the accident, except by his own recital of the sequence of events, coupled with his statement that his health had been good prior to the accident. In this state of the record, while holding that there was no evidence whatever that the employee's condition resulted solely from his accident, we held that there was some evidence that his disability was caused at least in part by the accident, and we reversed the case, with directions to the board to apportion the award. It is impossible to distinguish this Maynard case from the case at bar, and on its authority we are of opinion that there was some evidence to sustain the apportionment made by the board in this case.

The judgment of the circuit court is therefore affirmed.