## Billiter & Wiley v. Hatfield.

(Decided June 19, 1931.)

WALLACE MUIR, FRANK McCARTHY and HARVEY LISLE for appellants.

TURNER & CREAL and M. C. REDWINE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN.—Affirming.

In a proceeding before the Workmen's Compensation Board, the appellee, Susan Hatfield, was awarded

compensation as the dependent widow of her deceased husband, the board finding that his death had been caused by an accident arising out of and in the course of his employment with the appellant. The latter filed in the circuit court a petition for review of the award of the board. While that petition was pending in the circuit court, the appellant and appellee entered into a compromise settlement whereby the appellant paid her the sum of $2,250 in full settlement of her claim and the proceeding in the circuit court was dismissed "settled". Later Mrs. Hatfield brought suit to set aside that settlement on many grounds. The circuit court refused her the relief she sought, but this court, in an opinion to be found in 231 Ky. 736, 22 S. W. (2d) 129, reversed that judgment, and held the settlement void because it had never been approved by the Workmen's Compensation Board. On the return of that case to the circuit court, a judgment was entered holding the settlement void, whereupon the court took up the petition for review which had been filed by the appellant, and, after considering the record of the proceedings before the Compensation Board, affirmed the award of that board adjudging Mrs. Hatfield the sum of $9.75 a week for a period of 335 weeks, $100 for doctor's bills, and $75 for burial expenses, all of which it subjected, however, to a credit of $2,250, being the amount which appellant had paid to appellee under the abortive settlement and which she still retained. From this judgment appellant prosecutes a direct appeal, and, from so much of it as subjects her recovery to any credit in excess of $1,700, appellee prosecutes a cross-appeal.

On the direct appeal, the sole question we have for determination is whether there is any competent and relevant testimony to sustain the finding of the board that the cause of the death of Mrs. Hatfield's husband was an accident which her husband sustained while working for the appellant.

Appellant insists that a great deal of evidence produced by appellee before the Compensation Board was incompetent. In most instances, it interposed no objection to it, and hence cannot complain of it now or in the circuit court. Elkhorn Seam Collieries Co. v. Craft, 207 Ky. 849, 270 S. W. 460. Eliminating that to which appellant did object, but without passing on its competency, we find that Susan Hatfield's husband, while working for appellant in its quarry, was struck in the back by

a rock. Prior to this time, he had been a strong, healthy man, capable of great physical exertion and heavy manual labor. Immediately after the accident, he went into a decline, was unable to do any work to speak of, and finally after about 15 months from the date of the accident, he died. The immediate cause of his death was diabetes. Mr. Hatfield's doctor, who waited on him during his illness after the accident, had died prior to the proceedings before the Compensation Board, and hence did not testify, but appellant's counsel brought out in his cross-examination of Mrs. Hatfield in those proceedings that the deceased doctor's opinion was that the injury which Mr. Hatfield received in appellant's rock quarry caused the diabetes of which Hatfield died. A number of physicians introduced by appellee testified that diabetes could be caused by a traumatic accident such as Hatfield sustained. Appellant's physicians, on the whole admitting that diabetes could be caused by a traumatic accident, insisted that the blow would have to be at the base of the brain, and that a blow on the back, being the character of blow Hatfield endured, would not cause diabetes. But even one or two of appellant's physicians admitted on cross-examination that it was possible for diabetes to be caused by a blow on the back. However, we are not interested in the conflict of testimony, but only in the question whether or not there was any evidence before the board of a competent and relevant nature to sustain its finding. That there is in this case, the above résumé of appellee's evidence in our opinion demonstrates. The good health of Hatfield prior to his accident, his decline immediately thereafter, culminating in his death, his doctor's opinion that the diabetes which was the immediate cause of his death was brought about by the accident he received, coupled with the medical testimony that the character of accident Hatfield sustained could have caused diabetes, all furnish the necessary evidence to sustain the finding of the board. The cases of Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Edgewater Coal Co. v. Ramey et al., 235 Ky. 703, 32 S. W. (2d) 56, are much like the instant case, and fully sustain the circuit court's upholding the award of the board.

Appellee concedes that the circuit court correctly credited the amount due her under the award of the Compensation Board by what she had received in the settlement which proved to be void and which she had retained,

as indeed she must. This payment was not one of the character described in section 25 of the Compensation Act, being now section 4906 of the Statutes, but was a payment made to settle a claim which Mrs. Hatfield had against appellant. It is true the settlement is void, but, under the circumstances it was made, appellant would have the right to recover back from the appellee the amount paid her. Such being the case, it has a right to offset the amount due her by that due from her. She insists, though, that the credit should not exceed $1,700, because, out of the $2,250 paid her, she got only $1,700, the other $550 going to her lawyers who represented her before the Compensation Board and the circuit court, and who effected the settlement. The contention is without merit. The whole amount was paid to her by appellant, and what she did with it thereafter was no concern of appellant, nor could it affect appellant's right to recover it back when appellee repudiated the settlement. The payment of her attorneys by her stands on no different footing from any other expenditure she made with the money. The full amount was paid to her by appellant, and she cannot charge it with what she did thereafter with the money. The circuit court did not err in crediting the amount due her from appellant with the full sum of $2,250.

The judgment is affirmed on both the original and cross appeal.