KENTUCKY WORKMEN'S COMPENSATION BOARD, Appellant,

v.

Eldrie ALEXANDER, the McLean Trucking Company, and Transport Insurance Company, Appellees.

KENTUCKY WORKMEN'S COMPENSATION BOARD, Appellant,

v.

KIMCO MINING COMPANY and Aden Ward, Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1978.

Charles E. Jennings, Workmen's Compensation Board, Frankfort, for Workmen's Compensation Bd.

John T. Reed, McMurry & Livingston, Paducah, for Eldrie Alexander.

Herbert Schultzman, Paducah, for McLean Trucking Co. and Transport Ins. Co.

William D. Gregory, Mount Vernon, for Aden Ward.

Charles R. Luker, Jr., Luker & Luker, London, for Kimco Mining Company.

Before MARTIN, C. J., and LESTER and WHITE, JJ.

MARTIN, Chief Judge.

These two appeals are brought by the Workmen's Compensation Board (Board) from separate judgments of the McCracken Circuit Court and Jackson Circuit Court. They present nearly identical questions: whether upon an appeal of a workmen's compensation case to the circuit court, the circuit court may approve a lump sum settlement agreement and dismiss the appeal without the approval of the Board.

In No. CA–1755–MR, *Kentucky Workmen's Compensation Board v. Eldrie Alexander, et al. (Alexander)*, the Board awarded the claimant Alexander temporary total disability for a period specified, and thereafter, a weekly sum for the duration of his 10% occupational disability, plus future medical expenses. His employer, McLean Trucking Co., filed an appeal in the McCracken Circuit Court and Alexander filed his response. Thereafter, they reached a lump sum settlement agreement, and the circuit court, finding the settlement to be "reasonable and fair," entered an order remanding the case to the Workmen's Compensation Board and ordering the Board to approve the lump sum settlement.

In No. CA–1907–MR, *Kentucky Workmen's Compensation Board v. Kimco Mining Co., et al. (Kimco Mining)*, the Board awarded Aden Ward temporary total disability for a period specified, plus a weekly sum for the duration of his 20% permanent partial disability, together with medical benefits. His employer, Kimco Mining Co., appealed the award to the Jackson Circuit Court, and in due course, a response was filed by Ward. Thereafter, Ward and Kimco Mining Co. filed a joint motion requesting the court to approve a lump sum settlement. The court then approved the settlement and dismissed the appeal. No memorandum of the settlement agreement was ever filed with the Board, nor was its approval obtained.

Years ago it was well settled, under sections 8a and 26 of the Compensation Act then in effect, that all settlements were subject to approval of the Board. See *Workmen's Compensation Board v. Abbott*, 212 Ky. 123, 278 S.W. 533 (1925); *Stewart v. Model Coal Co.*, 216 Ky. 742, 288 S.W. 696 (1926); *Eagle Fluorspar Co. v. LaRue*, 231

Ky. 757, 21 S.W.2d 1026 (1929) and *Hatfield v. Billiter & Wiley,* 231 Ky. 736, 22 S.W.2d 129 (1929). The language of section 26, to the effect that nothing "shall operate as a final settlement except a memorandum of agreement filed with and approved by the board in accordance with this section," is now incorporated into K.R.S. 342.265. Section 8a, which became § 4889 of the statutes and then § 342.050 of the present act, was repealed January 1, 1973. It stated that except as provided elsewhere in the act, "no contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act."

It is our opinion that the requirement of Board approval is dictated by K.R.S. 342.265 alone, and that any settlement of claims made under the Workmen's Compensation Act must be approved by the Board in conformance with that statute. Its language is clear and is susceptible to no other interpretation.

The necessity for gaining the Board's approval of a lump sum settlement is more than a technical bureaucratic requirement. The rationale is well stated in *Eagle Fluorspar Co. v. LaRue,* 231 Ky. 757, 760, 21 S.W.2d 1026, 1028 (1929):

> The purpose of periodic payments is to give the employee an income payable as his wages were paid and to preclude any possibility of an imprudent employee or dependent wasting the means provided for his support and thereby becoming a charge upon society. In most cases it is much better for the employee and his family that the compensation be paid in installments corresponding to the payment of his wages. This is the plan of the act and it is only in exceptional cases that the board should approve commutations.

Because in each of these appeals the circuit court was without jurisdiction to approve the settlement, or to order its approval, the respective order of each court was void. *Stewart v. Model Coal Co., supra ; Eagle Fluorspar Co. v. LaRue, supra ; Hatfield v. Billiter & Wiley, supra.*

As these orders are void, we are faced with a further procedural problem. In neither of these cases did the appellant move the circuit court to set aside its order. Under § 763 of the former Civil Code, no void judgment could be acted upon by the appellate court unless a motion to set it aside had been denied by the circuit court. The purpose, of course, was not only to prevent unnecessary appeals, but also to provide the circuit court with an opportunity to correct its own error. When § 763 was superseded by Kentucky Rules of Civil Procedure (CR) 60.02, the prohibition was not continued. In *Epling v. Ratliff,* 364 S.W.2d 327 (Ky.1963) it was decided that in the absence of a motion to dismiss, the court should entertain the appeal and declare the judgment void.

We believe we should hear both of these appeals and dispose of them on their merits. In *Alexander* we have been presented with no motion to dismiss. Further, it would appear that the McCracken Circuit Court was aware of the possible error it was committing, as it chose to remand the case and ordered the Board to approve the settlement, instead of simply accepting the settlement and dismissing the appeal.

In *Kimco Mining,* the appellees have filed a motion to dismiss, stating as grounds that appellant argues the judgment appealed from to be void, but filed no motion in the circuit court to have it set aside. Under normal circumstances we would be inclined to grant the motion, dismiss the appeal, and direct the appellant to file a motion for relief pursuant to CR 60.02 in the circuit court. This would provide that court with an opportunity to correct its own error. However, inasmuch as the circuit court would be obliged to vacate its order under the holding of this opinion, we shall, in the interest of judicial economy, declare the judgment void and set it aside.

When presented with a settlement of claims such as occurred in these cases, the circuit court should abate its appeal proceedings and return the record to the

Board. The parties may then file their memorandum of agreement with the Board. When approved, the circuit court should dismiss the appeal. If the settlement is not approved, the parties should make such order a part of the record on appeal. This Court has followed, and will continue to follow, this same procedure when the parties propose a settlement while the case is before this Court on appeal.

The judgment in each of these appeals is reversed, and they shall be remanded for further proceedings consistent with this opinion. The motion to dismiss in *Kimco Mining* is denied.

All concur.