## GARRISON v. CITY OF LAURENS.

1. MANDAMUS—TAXPAYER—CITIES AND TOWNS.—A citizen of a city who is not a taxpayer cannot maintain an action for mandamus to require another citizen to pay city taxes.

2. TAXES—CITIES AND TOWNS.—A COTTON MILL cannot be exempt from city taxation by mere resolution of city council.

3. IBID.—IBID.—ASSESSMENT.—A city clerk may take assessment of mill property for back years from auditor's books, and thereon levy and collect back city taxes erroneously left off.

Petition for mandamus in the original jurisdiction of the Court by J. H. Garrison against City of Laurens and Laurens Cotton Mills.

*Mr. J. B. Parks,* for relator.

*Messrs. Ferguson & Featherstone* and *N. B. Dial,* for respondents.

July 20, 1899.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The pleadings in this special proceeding, in the original jurisdiction of this Court, are fully set forth in 54 S. C., 449, where it will be fully seen that this Court, while it overruled the demurrer of the petitioner to the return of Laurens Cotton Mills, yet gave leave to the petitioner to apply for a trial of the issues of fact raised in the return of Laurens Cotton Mills either before a jury or a special referee.    Accordingly, on notice of motion to that effect, this Court passed the following order (omitting the caption) : "This cause having been heard upon the pleadings herein, and it appearing therefrom that certain allegations of relator's petition have been denied by the respondent, Laurens Cotton Mills, which said denials raise issues of fact necessary to be determined in said cause, and this Court having granted leave to the relator to apply for a trial of the said issues of fact between himself and the respondent, Laurens Cotton Mills, in one of the methods required by law; and it further appearing that notice of the motion for this order has been duly served upon the attorneys of record for the said respondent, Laurens Cotton Mills.    Now, therefore, upon motion of J. B. Park, relator's attorney, it is ordered, that this case be, and the same is hereby, referred to John F. Ball, to take the testimony herein upon those allegations of relator's petition denied by the said respondent, Laurens Cotton Mills, and report the same, with his findings thereon, to this Court, within thirty days from the date of this order. Columbia, S. C., April 25th, 1899.    Henry McIver, C. J."

The following is the report of said referee (omitting the caption) : "I would respectfully report that in obedience to the order of this honorable Court, herein, of date April 25th, 1899, I took such testimony as was offered (which is herewith submitted), and therefrom find the following facts: 1st. That J. H. Garrison, the relator, was during the year 1896 and has ever since been a citizen of the city of Laurens, S. C.   2d.   That the said J. H. Garsison was during the years 1896 and 1898 the owner of real and personal property located in the city of Laurens, S. C., and was during said year a taxpayer on said property to said city; but that he owned no property and paid no property tax in said city during the year 1897.   3d.   That Laurens Cotton Mills is located within the corporate limits of the city of Laurens, S. C., and its property therein is assessed for taxation as follows:

*As shown by books of city clerk and treasurer:* For the year 1896, real estate $100,000; personalty $70,000.   The real estate was assessed by the board of assessors appointed by the city to assess real estate in the city.   The personalty was assessed by the city clerk, the mills having failed to make the return as required by law.   For the year 1897, real estate and personalty together $300,000.   This assessment was made by the city board of assessors.

For the year 1898, real estate $112,585; personalty $37,625.   It does not directly appear from the testimony how or by whom these assessments for 1898 were made; but they are the same in the aggregate as the county auditor's assessment for the year 1897, and I conclude they were taken from his books for that year.

*As shown by its return and tax-duplicates in county auditor's office:* For the year 1896, $6,015; for the year 1897, $150,210; for the year 1898, $235,000.

4th.   That the following levies were made by the city council of Laurens, S. C., by ordinance, for the years 1896, 1897 and 1898: For the year 1896, 5 mills on the dollar; for the year 1897, 5 mills on the dollar; for the year 1898, 9 mills on the dollar.   5th.   That Laurens Cotton Mills paid

no city taxes for the years 1896, 1897, and 1898, except that in 1897 and 1898 it paid on a·storehouse valued at $3,000, and on the goods in such storehouse valued at $5,000, the amount of taxes so paid being $40 in 1897 and $72 in 1898. Respectfully submitted.    John F. Ball."

Upon this finding of facts by the referee and according to law, the respondent is responsible for taxes assessed for the year *1896* upon property valued by the county auditor at $6,015, and for the year *1898* the respondent, Laurens Cotton Mill, is responsible for taxes assessed, for the year 1898, upon its property valued by the county auditor at $235,000. But upon these findings of fact the relator has no right to a mandamus compelling the Laurens Cotton Mills to pay any taxes to the city of Laurens *for the year 1897*, for the relator during that year was not a taxpayer. It was with reference to this very contingency this Court, in its first decision—54 S. C.,'at page 456—said: "If these things be true" (that he was no taxpayer in the city of Laurens), "what right has he to bring this proceeding against the respondent?" But this disability only extends to the year 1897, when he was no taxpayer, and not to the years 1896 and 1898, when he was a taxpayer. The respondent betrays a laudable desire to have this Court reopen the discussion as to the duty of the citizens of Laurens (city) not to insist upon the payment of any taxes by said respondent to said city on the ground of good faith, alleging that the mill was built in the city upon a reliance upon the good faith of the citizens to carry out the resolutions adopted by the city council to exempt any mill which would locate in the city from the payment of all city taxes. ˙This Court is greatly pleased at observing the keen sense of moral obligation thus exhibited, but we must be governed by the legal obligation subsisting between these parties litigant.    ·

As we have already decided, following in the wake of the decision in the action of *Germania Savings Bank against Town of Darlington*, 50 S. C., 337, there is no law authorizing an exemption of cotton mills from taxation by

simple resolution of the city council of a town. In the assessment of those taxes we must be governed by the values made for State and county taxation. These taxes which we have allowed for the years 1896 and 1898 can be easily placed upon the books of the city clerk and treasurer, and when so placed the assessment of taxes by said clerk and treasurer can be and must be had.

The peremptory writ of mandamus is granted to compel the city council of Laurens to assess the taxes against its corespondent, Laurens Cotton Mills, for the years 1896 and 1898, as hereinbefore named, and then to compel the Laurens Cotton Mills to pay such taxes for the years 1896 and 1898.