155.  DeLAMAR v. DOLLAR.

POWELL, J.  The Supreme Court having instructed this court, in reply to certified questions, that so much of the county-court law of this State as purports to confer jurisdiction therein of suits where the principal sum claimed is less than fifty dollars is unconstitutional, the judgment of the trial court is reversed, in order that the plaintiff's action, which was of the character mentioned, may be dismissed.

                                                  *Judgment reversed.*

Certiorari, from Pulaski superior court—Judge Martin.  June 27, 1906.

Submitted February 26,—Decided April 25, 1907.

*D. R. Pearce, W. L. & Warren Grice,* for plaintiff in error.

*M. S. Means, M. H. Boyer,* contra.

### By the Supreme Court.

1. The county-court act of 1879, now contained in the Civil Code, § 4193 et seq., in so far as it denies to a party in a case involving $50 or less the right of a trial by jury, is violative of that provision of the constitution which declares that trial by jury shall remain inviolate.
2. There is in the county-court act above referred to no provision for the empaneling of a jury in a civil case, and hence a party defendant to a case involving $50 or less can not secure a jury trial in that court by making demand for the same.
3. There is no law of force in this State authorizing an appeal from the county court to the superior court in cases where the amount involved is $50 or less.

COBB, P. J.   In this case the Court of Appeals has certified to this court the following questions: "Is that part of the Civil Code, § 4193, which undertakes to give jurisdiction to the county court of matters wherein the principal sum claimed is less than fifty dollars, unconstitutional as being in conflict with paragraph 1 of section 18 of article 6 of the constitution of this State (as embraced in the Civil Code, § 5876), because the statute makes no provision for a jury trial in such cases? If this question be answered in the negative, the Court of Appeals desires the instruction of the Supreme Court also as to the following question: In cases in a county court where the principal sum claimed is less than fifty dollars, may the defendant demand a trial by jury in the county court, and, if so, how is the jury to be obtained? Also as to the following question: In cases in a county court where the principal sum claimed is less than fifty dollars, may the defendant, if the decision be adverse to him, appeal to the superior court?"

Civil Code, § 4193, reads as follows: "Every county court in this State shall be a court of record, having jurisdiction throughout the county as follows: The jurisdiction of the county courts shall extend in the county, town, district or districts, to all civil cases of contract or tort (save where exclusive jurisdiction is vested in the superior court) where the principal sum claimed in cases of contract or damages in cases of tort does not exceed five hundred dollars; and over the remainder of the county, when the principal sum aforesaid does not exceed five hundred dollars nor is less than fifty dollars." Civil Code, § 5876, reads as follows: "The right of trial by jury, except where it is otherwise provided in this Constitution, shall remain inviolate, but the General Assem-

bly may prescribe any number, not less than five, to constitute a trial or traverse jury in courts other than the superior and city courts." Civil Code, § 4200, is in the following language: "The trial and judgment in said [county] court shall be by the court without a jury in all civil cases."

1. The present constitution of this State declares that the right of trial by jury, except where it is otherwise provided in that instrument, shall remain inviolate. A similar provision was contained in the constitution of 1868. Code of 1873, § 5124. No such provision appears in the constitution of 1865, nor in the constitution of 1861. In the constitution of 1798 the language used is, "Trial by jury, as heretofore used in this State, shall remain inviolate." Watkins' Digest, 41. The constitution of 1789 provided: "Trial by jury shall remain inviolate." Watk. Dig. 29. The constitution of 1777 provided: "Trial by jury to remain inviolate forever." Watk. Dig. 16. It will be noted that in every constitutional provision on the subject of the inviolability of the right of trial by jury the language is very similar. The constitution of 1798 contains the words: "as heretofore used in this State," which do not appear in the other instruments; but this really would not affect the interpretation to be placed upon the declaration that trial by jury shall remain inviolate, for each declaration would mean that it must be preserved in the future in all cases in which it was allowed under valid laws existing at the time that the constitution was adopted. While, in order to determine the question as to whether, at the date of the present county-court act of 1879 (Acts of 1878-9, p. 132), it was competent for the legislature to deprive a person of the right of trial by jury in a civil case arising out of contract or tort where the sum claimed is less than fifty dollars, it might not be necessary to do more than examine into the different statutes of the State, in existence at that time, defining the jurisdiction of the then existing courts, and ascertain whether there was a valid statute giving any court of common-law jurisdiction the power to render judgment without a trial by jury, yet a brief review of the history of the subordinate courts having common-law jurisdiction, and the method of trial therein, will not be inappropriate to the present discussion; and the results to be derived from the investigation into this history

44

will at least be a persuasive argument to sustain the conclusion which we have reached.

Trial by jury existed in the colony of Georgia, subject only to the same limitations that surrounded it under the laws of England. In *Tift* v. *Griffin,* 5 *Ga.* 188, Judge Nisbet says, "The right of trial by jury would have been as perfect in the States of this Union, which were British colonies, without a constitutional declaration of that right, as it is now with it. Yet, it may be added, not so secure. The right came with the colonists. It was derived from Magna Charta." Magna Charta provided that a freeman should not be amerced "but by the oath of honest and lawful men of the vicinage." Schley's Dig. 40; Barrington's Magna Charter, 216. "By the common law justices of the peace had some criminal jurisdiction, but no jurisdiction whatever of suits between 'man and man. There were in England, however, courts baron, county courts, courts of conscience and other petty courts, which were not courts of record, and whose proceedings varied in many respects from the course of the common law, but which were empowered to hear and determine, in a summary way, without a jury, personal actions in which the debt or damage demanded did not exceed forty shillings." Capital Traction Co. v. Hof, 174 U. S. 16. See also 3 Bl. Com. 33 et seq.; 7 Coke's Inst. 266 et seq.; 4 Min. Inst. (2d ed.) 190 et seq.; 3 Enc. Laws of Eng. 528. There was established in the colony of Georgia, by a statute passed in 1760, a court of conscience, which had jurisdiction in civil cases involving small amounts. The act establishing this court is not accessible, but we find, from an act passed in 1774, relating to these courts, that trial by jury was had in the cases within the jurisdiction of such courts. Colonial Acts of Georgia, p. 420. The court of conscience was recognized by the constitution of 1777, and by it continued in existence, the jurisdiction, however, being by that instrument limited to cases not involving more than ten pounds. Watk. Dig. 14. The act of 1760 creating the court of conscience was repealed in 1789.

There also existed in the colony a court known as the court merchant, which was recognized as existing by the constitution of 1777, and continued in existence by the constitution of 1789, "subject to such regulations as the General Assembly may, by law, direct." Watk. Dig. 14, 28. This court seems to have been for

the trial of controversies arising between merchants, dealers, and others, and shipmasters, supercargoes, and other transient persons. The court was held by the chief justice, or, in his absence, one of the justices of the general court of pleas, within seven days after a petition was presented to him showing a controversy of the character above referred to. The jurisdiction of the court seems to have been unlimited as to amount, and the cases were tried by a jury of merchants or other fit persons. We have found no court in existence prior to the constitution of 1777, which had common-law jurisdiction in civil cases, in which trial by jury was not provided for. The expression "common-law cases," or similar language, which has been heretofore used, or may be used in the further progress of this opinion, is intended to embrace only cases which were the subject of real, personal, or mixed actions, according to the practice of the English common-law courts, and not those proceedings which were not known to the common law, and are only authorized under our statutes, such as possessory warrants and the like.

In 1789 an act was passed revising the entire judiciary system of the State. Watk. Dig. 389. By this act it was provided that the superior court should have jurisdiction to hear and determine all pleas, civil and criminal, by a jury of twelve men. A court of inferior jurisdiction was established in each county, to be called the inferior county court, having jurisdiction to hear and determine cases at common law, provided that where the amount claimed exceeded fifty pounds sterling, the case might be, by the defendant, removed to the superior court, to be there tried by a common jury, and thereafter by a special jury if either party should see fit. Any case tried in the inferior court which did not involve an amount exceeding five pounds could be heard by the justice of the inferior court in a summary way without the solemnity of a jury, but any person dissatisfied with the judgment so rendered could, upon giving security for the debt and costs, enter an appeal to the next regular term of the inferior court, and the appeal would then be tried by a jury. In 1797 there was another act passed revising and amending the judiciary system of the State. Under this act all pleas, civil and criminal, were triable in the superior court by a jury of twelve men. The inferior county courts were given concurrent jurisdiction with the superior court

in all civil cases except those involving real estate, and in any case tried in the inferior court an appeal was allowed to the superior court, to be there tried by a special jury. Justices of the peace were given jurisdiction in all suits for debt where the amount claimed did not exceed thirty dollars. All cases tried before a justice of the peace were subject to be appealed to a jury in that court consisting of five jurors, whose verdict was final and conclusive between the parties. It will thus be seen that at the date of the adoption of the constitution of 1798 a trial by jury was allowed at some stage of the case in all cases in all courts having jurisdiction to render judgments in common-law cases. At the date of that constitution the courts of common-law jurisdiction were the superior, inferior, and justice's courts. Trial by jury was allowed in all of them. A jury was not always allowed in the first instance, but when this was not allowable an appeal was allowed, in the trial of which a jury was provided. The right to appeal was, in some instances, subject to the condition of the payment of the costs and the giving of a bond.

In 1816 jurisdiction was conferred upon the mayor's court of Darien in civil cases not involving title to land, where the sum claimed did not exceed fifty dollars. Trial by jury was allowed in cases of appeal, but not otherwise. In 1817 the mayor's court of Augusta was given jurisdiction in all civil cases where the constitution did not vest exclusive jurisdiction in other courts; and cases in that court were tried by a jury of twelve. In 1819 a court of common pleas and oyer and terminer in the city of Savannah was established. It had jurisdiction in certain civil cases where the amount claimed did not exceed $200 and was not less than $30. Provision was made for a trial by jury in all cases. The courts just referred to seem to be all of the local courts having civil jurisdiction that were established prior to 1851. Cobb's Dig. 602; *Welborne* v. *State,* 114 *Ga.* 797, et seq. While, between 1851 and the first day of January, 1863, when the code went into effect, there were certain local courts established having criminal jurisdiction, there seems to have been no provision for a local court having civil jurisdiction. The courts of common-law jurisdiction which were in existence when the code went into effect in 1863 were the superior court, inferior court, and justice's court; the jurisdiction of the justice's court having been at that time raised so as to con-

fer upon that court jurisdiction in certain civil cases where the amount claimed did not exceed fifty dollars. A case in the inferior court might be carried, by appeal, to the superior court, there to be tried by a special jury. Code of 1863, §§ 3529, 3551. All cases tried in a justice's court could be appealed to a jury, composed of five jurors, in that court. The local courts in Savannah and Augusta, above referred to, continued in existence and were not affected by the adoption of that code.

In 1866 an act was passed for the establishment of a county court in each county of the State. Acts of 1865-6, p. 64; Code of 1868, § 270 et seq. This seems to be the first appearance of the county court in our judicial system. The court had jurisdiction in all civil cases of which exclusive jurisdiction was not vested in some other court, including jurisdiction to legitimatize persons and to change names. Appeals were allowed to be taken to the superior court under the rules governing appeals from the inferior court. The court held semi-annual sessions, monthly sessions, and special terms in the discretion of the judge. At the monthly and special terms the court had jurisdiction, without limit as to the amount, in all cases growing out of the relation of master and servant, proceedings to evict trespassers, intruders, and tenants holding over, for the partitioning of personal property, trial of possessory warrants, and proceedings under distress warrants, habeas-corpus cases, and all other civil cases where the amount claimed did not exceed one hundred dollars. Civil cases returnable to the monthly session were triable by the judge without the intervention of a jury, unless a jury was demanded; and at special terms, where a jury was demanded, a jury of five was made up from the bystanders. Trial by jury was provided for in all cases, either in the first instance on demand, or as the result of an appeal. The inferior courts were abolished by the constitution of 1868. The county court was also abolished; but the right to re-establish these courts was not denied to the General Assembly. Code of 1873, §§ 5126, 5128. By that constitution the justice's court was given jurisdiction in all civil cases where the principal sum claimed did not exceed one hundred dollars. The right of appeal to the superior court from the justice's court, where the sum claimed was more than fifty dollars, was provided for. It was, however, distinctly provided that there should be no appeal to a jury from the

decision of a justice of the peace except in cases of the character just referred to. Code of 1873, §§5104, 5105.

In 1872 an act was passed authorizing the establishment of a county court in all of the counties of this State, except certain counties named in the act, upon the recommendation of the grand jury of the county. Code of 1873, p. 58. Jurisdiction was given to the county court in all civil cases of contract or tort where exclusive jurisdiction was not given to the superior court, when the amount claimed did not exceed two hundred dollars; but in cases where the amount claimed was more than fifty dollars an appeal to the superior court was provided for. The county judge was authorized to hear and determine cases within his jurisdiction, at the times provided in the act, in the same manner as justices of the peace heard and determined cases submitted to their jurisdiction. There was no provision for a jury in the county court in any civil case, though there was provision for a jury in the trial of criminal cases. It will thus be seen that in cases where the amount claimed did not exceed fifty dollars, no trial by jury was provided for either in the first instance or on appeal. In 1879 (Acts of 1878-9, p. 132) an act was passed defining the jurisdiction and powers of the county court, so as to establish the uniformity required by the constitution of 1877. This act fixed the jurisdiction of the county court as it appears in the section of the Civil Code quoted in the statement of facts. It was also provided by this act that trial and judgment in the county courts shall be by the court without a jury, in all civil cases. An appeal to the superior court was allowed in cases where the amount involved exceeded fifty dollars. A jury was provided for the trial of criminal cases, but none for the trial of civil cases. This was, in effect, merely a re-enactment of similar provisions in the county-court act of 1872. The validity of the county-court act of 1872, in so far as it deprives parties to a case involving fifty dollars, or less, of a trial by jury, depends upon whether it violated that provision of the constitution of 1868 which declared that trial by jury should remain inviolate.

At the time the constitution of 1868 took effect, in every court having jurisdiction to try a common-law case of a civil nature, the parties were secured the right of trial by jury, either in that court or in some other court to which the case could be appealed, upon reasonable conditions, such as the payment of costs, giving security,

and the like. This was the character of trial by jury that the constitution intended to·preserve. While that instrument·provided that a justice of the peace might render final judgment without a jury where the case involved fifty dollars or less, this was the only instance in which that constitution changed the rule as to jury trial which existed at the time the instrument went into effect. The county court act of 1872, so far as its provisions authorized a judgment by the judge without a jury, in cases involving fifty dollars or less, and denied the right of appeal to a jury in that court or in the superior court, was violative of the constitutional provision preserving the right of trial by jury. The constitution of 1877 expressly provided that all laws then of force in this State, not inconsistent with the constitution and ordinances of the convention, should remain of force until modified or repealed by the General Assembly. Civil Code, § 5934. Any law upon the statute books which was repugnant to·the constitution of 1868 was not of force in this State at the date of the constitution of 1877, and hence the provisions in the county court act of 1872, above referred to, were not saved by the provision in the constitution of 1877 preserving existing laws. The act of 1879, defining the jurisdiction of the county court, being passed after the constitution of 1877 went into effect, the validity of that act, in reference to. the question now under consideration, must be determined in the light of the provisions of that constitution. That act denies to parties to suits in that court the right of trial by jury in cases where the amount involved is fifty dollars or less. No appeal to the superior court is allowed in such cases. Civil Code, §§ 4214; 4453. **This provision in the act was beyond the power of the** General Assembly, and is therefore void.

It was not necessary that there should have been a provision for a jury trial in the first instance; but to satisfy the requirement of the constitution there must be, at some stage of the case, a time when the party desiring a trial by jury might obtain the·benefit of such trial by compliance with reasonable conditions. If a trial by jury can be obtained on appeal, the constitutional provision is satisfied. *Davis* v. *Harper,* 54 *Ga.* 183. The constitutional provision is not invalidated by a law requiring the payment of costs and the giving of a bond as a condition precedent to an appeal. *Flint River Steamboat Co.* v. *Foster,* 5 *Ga.* 208. Par-

ties may be required to enter a demand for a jury trial. *Sutton* v. *Gunn*, 86 *Ga.* 652. It is not necessary that there should be a trial before execution is issued. As was said by Mr. Chief Justice Simmons, in *Hobbs* v. *Dougherty County*, 98 *Ga.* 575 (2), "it is sufficient if provision is made for a jury trial at some stage of the proceeding, and the defendant allowed to make all his defenses before the liability becomes fixed and final." In that case the defendant was not entitled to a trial by a jury unless he filed an affidavit of illegality, when the issues thus raised were, under the statute, submitted to a jury. See also, in this connection, Capital Traction Co. *v.* Hof, 174 U. S. 1. It must be kept in mind that the foregoing discussion is limited, in its application, to common-law cases of a civil nature. It is now settled by more than one decision, concurred in by six Justices, that it is within the power of the General Assembly to deprive a party of the right of trial by jury in equity cases. Whether there shall be such trial, in cases of this character, is within the discretion of the General Assembly. *Bemis* v. *Armour Packing Co.*, 105 *Ga.* 293, and cases cited; *Austin* v. *Sou. Home Asso.*, 122 *Ga.* 448. We therefore answer the first question propounded by the Court of Appeals, that the county-court act of 1879, as now embodied in Civil Code, § 4193 et seq., in so far as it deprives a party to a case, in which fifty dollars or less is involved, of the right of a trial by jury in that court, and of an appeal to a jury in that court or some other court, is violative of that provision of the constitution which declares that trial by jury shall remain inviolate.

2. To the second question propounded by the Court of Appeals we reply that, there being no provision in the county court act for the empaneling of a jury in a civil case, the defendant in a case in that court involving fifty dollars or less is not authorized to demand a trial by jury in such court.

3. To the third question propounded by the Court of Appeals we reply that the defendant in a case in the county court, where the sum claimed is fifty dollars or less, can not appeal to the superior court. The constitution provides that the superior court shall have appellate jurisdiction "in all such cases as may be provided by law." Civil Code, § 5845. In construing a similar provision in reference to appeals of cases in the justice's court, it was held that the provision in the constitution was not self-executing,

and therefore did not become operative until legislative action regulating the mode and manner of appeal. *Hendrix* v. *Mason, 70 Ga. 523.* The appellate jurisdiction of the superior court must be exercised, and can only be exercised, in such cases as are provided by law. There is no law authorizing an appeal from the county court to the superior court where the amount involved is fifty dollars or less.