DEPARTMENT OF INDUSTRIAL RELATIONS *v.* TRAVELERS INSURANCE COMPANY *et al.; et vice versa.*

670

*M. J. Yeomans,* attorney-general, *James C. Davis, J. T. Goree,* and *B. D. Murphy,* for plaintiff in error.

*McDaniel, Neely & Marshall, Harry L. Greene, James C. Graham,* contra. *Harold Hirsch* and *Marion Smith,* for persons interested, not parties.

BELL, J.   The first question propounded by the Court of Appeals might suggest a number of subordinate questions, and among

other matters discussed in the briefs of counsel are (1) the jurisdiction of the superior court, and (2) the right of the parties to enter into a binding and enforceable agreement without authority from the department of industrial relations. Properly construed, however, the question relates only to the authority or jurisdiction of the superior court to render a certain judgment under stated circumstances, and our answer will be limited accordingly.

While the superior courts are commonly referred to as courts of general jurisdiction, they have only such jurisdiction and powers as are conferred by the constitution and laws of this State. *Tucker* v. *Harris*, 13 *Ga.* 1 (6) (58 Am. D. 488) ; *Perkins* v. *Perkins*, 21 *Ga.* 13; Civil Code (1910), § 4849. The constitutional provisions relating to the jurisdiction of such courts are found in the Civil Code, §§ 6510-6516. The provision contained in section 6512, that "said courts shall have jurisdiction in all civil cases, except as hereinafter provided," clearly relates to original jurisdiction, since the very next provision is that "they shall have appellate jurisdiction in all such cases as may be provided by law." Civil Code (1910), § 6513. It appears that the present case did not originate in the superior court, but reached that court on appeal, and the question therefore pertains only to appellate jurisdiction. The constitutional provision as to such appellate jurisdiction is not self-executing, and such jurisdiction can be exercised only in accordance with enabling acts,—that is, only in such manner and to such extent as may be provided by statute. *Hendrix* v. *Mason*, 70 *Ga.* 523 (2) ; *In re Lester*, 77 *Ga.* 143; *DeLamar* v. *Dollar*, 128 *Ga.* 57 (3), 66 (57 S. E. 85).

The jurisdiction of the superior court in cases appealed from the department of industrial relations is not as provided in other laws relating to appeals (*Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (3), 76 S. E. 387, Ann. Cas. 1914A, 880; *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810, 129 S. E. 75), but is as defined in section 59 of the workmen's compensation act. Ga. L. 1920, pp. 167, 199. That section contains a statement of the grounds upon which the superior court may set aside an order or decree of the "industrial commission," now the department of industrial relations (Ga. L. 1931, pp. 1, 42, sec. 101 et seq.), after which it is further declared: "No order or decree of the industrial commission shall be set aside by the court upon any grounds other than

one or more of the grounds above stated.   If not set aside upon one or more of such stated grounds, the court shall affirm the order, judgment, decree or decision of the commission so appealed from." According to the question certified by the Court of Appeals, the judge of the superior court undertook in effect to set aside an award of the department of industrial relations and to substitute a different judgment based upon an agreement of the parties, which agreement did not enter into the award from which the appeal to the superior court was taken, but constituted a new element and made a different case.   This action by the court was in direct conflict with the provisions of the statute prescribing and limiting the jurisdiction of the superior court in such cases.   The facts upon which the superior court was authorized to exercise jurisdiction were those, and only those, contained in the record transmitted to it by the department of industrial relations.   (*Burdell* v. *Ætna Life Ins. Co.*, 40 *Ga. App.* 92, 149 S. E. 55; *United States Fidelity &c. Co.* v. *Christian*, 35 *Ga. App.* 326, 133 S. E. 639), and the agreement of settlement as subsequently made by the parties was a new and distinct subject-matter to which such appellate jurisdiction did not attach.   Jurisdiction of the subject-matter can not be conferred by consent.   Civil Code (1910), § 5964.   Furthermore, it is the general rule that the superior court as an appellate court has no greater or broader powers in reference to the subject-matter than the court or tribunal from which the appeal was taken. *Maloy* v. *Maloy,* 134 *Ga.* 432 (2) (68 S. E. 80); *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (6) (48 S. E. 437); *Stansell* v. *Massey,* 92 *Ga.* 436 (17 S. E. 821).   The department of industrial relations has no power or jurisdiction to approve a settlement so as to preclude an opening of the case upon a change of condition (*Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599, 134 S. E. 357); and under the general rule to which we have just adverted, the superior court, on appeal, would be limited in like manner.

Section 7 of the compensation act provides, "That no contract or agreement, written or implied, no rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act, except as herein otherwise expressly provided."   Section 19 declares that no agreement of settlement shall be binding unless approved by the commission; but the commission itself is not clothed with authority to render

judgments on contracts, and is therefore without power to foreclose the rights of the employee upon any terms other than those prescribed in the act (see sections 43, 44, 45). We conclude that the superior court had no authority on appeal to render a judgment for a lump sum in full and final settlement of the claim, in pursuance of the agreement of the parties not approved by the department of industrial relations.

Similar views have been expressed by courts of other jurisdictions. In Industrial Commission v. London Guaranty &c. Co., 66 Colo. 575 (185 Pac. 344), the facts were identical with those of the case at bar, being stated by the court as follows: "Ray Brown was awarded compensation for an injury, on a hearing before the industrial commission. The case was taken by the Guaranty Company to the district court, and, while pending there, Brown and the said company entered into a stipulation for a settlement of Brown's claim for a sum less than that awarded him by the commission. Upon the filing of this stipulation in the district court, objection was made by the commission to any order being entered thereon, it being insisted that the court could give judgment only after a hearing and under the limitations of the workmen's compensation act. Judgment was, however, entered on the stipulation, and the commission brings the cause here for review." It was urged by the commission that the powers of the district court were limited to those named in the statute, and upon this question the court said: "We have several times held that the findings of the commission are binding unless set aside for one or more of the reasons named in the statute. The policy of the law, clearly disclosed in its provisions, is to give the district court power to set aside the commission's orders only when made without jurisdiction, by the usurpation, or when procured by fraud, or when the findings of fact are not supported by the evidence. It may well be that the employee's rights would be fully protected by the district courts, but the lawmakers have seen fit to commit to the industrial commission that important duty. We have merely to apply the law as we find it."

In Kaylor v. Callahan Zinc-Lead Co., 43 Idaho, 477 (253 Pac. 132), it was held: "The findings of fact of the industrial accident board, when supported by competent evidence, are conclusive on appeal to the district court and Supreme Court; the jurisdiction

of these courts being limited to a review of questions of law." In Eagle Fluorspar Co. v. LaRue, 231 Ky. 757 (21 S. W. (2d) 1026), it was said: "The purpose of periodical payments is to give the employee an income payable as his wages were paid and to preclude any possibility of an imprudent employee or dependent wasting the means provided for his support and thereby becoming a charge upon society. In most cases it is much better for the employee and his family that the compensation be paid in installments corresponding to the payment of his wages. This is the plan of the act, and it is only in exceptional cases that the board should approve commutations. The discretion to commute future payments to a lump sum is vested solely in the board, and courts are without jurisdiction to adjudge a lump-sum payment without the approval of the board."

In Roma v. Industrial Commission, 97 Ohio St. 247 (119 N. E. 461), the court held: "In cases arising by way of appeal from the decision of the industrial commission, denying the right of a claimant to participate in the State insurance fund, a jury is without power to return a verdict fixing compensation to be paid in a lump sum."

The first question propounded by the Court of Appeals is answered in the negative.

While we do not discuss the question as to the right of the parties to enter into an agreement settling an award without authority from the department of industrial relations, we call attention to the following cases relating to that question: *United States Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (2) (129 S. E. 880); International Coal Co. v. Nicholas, 293 Ill. 524 (127 N. E. 703, 10 A. L. R. 1010); Workmen's Compensation Board v. Abbott, 212 Ky. 123 (278 S. W. 533, 47 A. L. R. 789); Brigham Young University v. Industrial Commission, 74 Utah, 349 (279 Pac. 889, 65 A. L. R. 152); Ahmed v. Bethlehem Shipbuilding Cor., 278 Mass. 180 (179 N. E. 684); Reteuna v. Industrial Commission, 55 Utah, 258 (185 Pac. 535); Stewart v. Model Coal Co., 216 Ky. 742 (288 S. W. 696); Industrial Commission v. London Guarantee &c. Co., 66 Colo. 575 (185 Pac. 344); Kaylor v. Callahan Zinc-Lead Co., supra; Huckabee v. Black Mountain Cor., 232 Ky. 599 (3) (24 S. W. (2d) 299); Hartford Accident Co. v. Industrial Commission, 320 Ill. 544 (151 N. E. 495); Schwarm v. George Thomson

& Sons, 281 Ill. 486 (118 N. E. 95); In re Beggs (Ind.), 117 N. E. 215; Taylor v. Lock, 164 La. 577 (114 So. 163); Rosensteel v. Niles Forge Co., 7 Negligence & Compensation Cases, 798; Southern Steamship Co. v. Sheppard, 34 Fed. (2) 959.

■ The next question is whether the department of industrial relations had "authority, by timely petition to the judge of the superior court, to intervene and to ask that it be made a party in the cause, and to pray that the judgment awarding a lump sum to the claimant be reopened and set aside." It is said for the department that the State is interested in the enforcement of the workmen's compensation act, and that this department is charged by law with its administration. Even so, the department is a mere "administrative commission," with "only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted." *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613 (123 S. E. 897). If the department had any authority whatever to intervene as a party, the same must have been conferred either by the workmen's compensation act as amended or by the State government reorganization act (Ga. L. 1931, pp. 1, 42), by which the name of the industrial commission was changed to the department of industrial relations, there being no other statute relating to the powers of this tribunal. Section 53 of the former act provides that the superior courts, on the application "of the commission or any member or deputy thereof [shall] enforce by proper proceedings the attendance and testimony of witnesses and the production and examination of books, papers and records." This provision does not authorize the action taken by the department in the present case, and the act contains no other language having even a remote reference to the subject. The only substantial effect of the reorganization act as to this matter was to change the name of the industrial commission and to provide that the members should thereafter be called directors. This statute contained nothing which could be said to authorize the department of industrial relations to intervene as a party in the superior court. Although this department is charged by law with the responsibility of administering the provisions of the workmen's compensation act, the administration must be confined to such activities as are expressly or impliedly authorized by statute. If the ad-

ministration should be cramped and inadequate on this account, additional legislation is the only remedy.

Furthermore, all suits must be brought by or against some person either natural or artificial, and the department of industrial relations is not such a legal entity as may sue and be sued. There can be no suit without adversary parties, and only a *person* can be a party. In *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633 (53 S. E. 193), this court had under consideration the legal character of the railroad commission, now the public-service commission. In that decision it was said: "In fixing the venue of a suit against the railroad commissioners of this State, it must be determined whether the commission as a body is a corporation, and therefore an artificial person which can be made a party, or whether it is simply an aggregate body composed of the individual commissioners, and they are the parties to the action. The law of this State nowhere declares the commission as such to be a corporation, or to have power to sue or be sued in that name. On the contrary, it more frequently speaks of the commissioners than of the commission. See Civil Code [1895], . . §§ 2195, 2196. A mere declaration that the office of the commissioners shall be kept at Atlanta does not create a corporation. The decision in the case of Texas & Pacific Ry. Co. *v.* Interstate Commerce Com., 162 U. S. 197 [16 Sup. 666, 40 L. ed. 940], is relied on; but an examination of that case will show that the act of Congress creating the interstate-commerce commission, and providing that it shall be lawful for it to apply by petition to the circuit court sitting in equity, was held sufficient to create a body corporate with legal capacity to be a party plaintiff or defendant in the Federal courts. In this respect the act of Congress is entirely different from the act creating the State railroad commissioners." The statutes relating to the powers and duties of the department of industrial relations do not contain more to indicate the creation of a corporation than did the act establishing the railroad commission.

Accordingly it must be held that the department of industrial relations is not endowed with the attributes of a corporation. Compare *State Highway Department* v. *Marks,* 167 *Ga.* 397, 405 (145 S. E. 866); *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577). The question whether a particular governmental or administrative body should be considered as a legal entity capable of

suing and being sued will depend upon the language of the statute relating to the character and powers of such body. See, in this connection, *City of Hogansville* v. *Farrell Heating Co.*, 161 *Ga.* 780 (132 S. E. 436) ; Ga. L. 1911, p. 108, § 19; Houck *v.* Little River Drainage District, 239 U. S. 254 (36 Sup. Ct. 58, 60 L. ed. 266) ; 47 C. J. 19; 19 C. J. 615, 633.

In holding as we do that the department of industrial relations had no authority to intervene as a party in the superior court, we do not overlook the decisions upon this point in Workmen's Compensation Board *v.* Abbott, 212 Ky. 123 (278 S. W. 533, 47 A. L. R. 789), Brigham Young University *v.* Industrial Commission, and Industrial Commission *v.* London Guarantee &c. Co., supra. In each of those cases the authority of the administrative body to become a party was expressly conferred by statute.

*All the Justices concur, except Russell, C. J., and Gilbert, J., who dissent.*

GILBERT, J. The general rule is that public policy favors the settlement of disputes, the prevention of litigation and the settlement of controversies already pending in courts. "Laws made for the preservation of public order or good morals can not be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Civil Code (1910), §§ 10, 5663. The question here propounded, the settlement of a claim for workman's compensation, pending in the superior court on appeal, does not involve the waiver of a law made for the "preservation of public order or good morals." "A compromise or mutual accord and satisfaction is binding on both parties." Civil Code (1910), § 4330. The workmen's compensation laws are intended to protect those in urgent financial need from being overreached because of their necessities. The statute creating such compensation, while undertaking to thus protect unfortunate victims of injuries, as well as their dependents, itself recognizes the general policy of compromise and settlement of disputed claims and the actual benefits to be derived by those for whom the statute was enacted, by providing expressly for settlement. "Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them, so long as the amount of compensation and the time

and manner of payment are in accordance with the provisions of this law. A copy of such settlement agreement shall be filed, by the employer, with the commission, and no such settlement shall be binding until approved by the commission." Ga. Laws 1920, pp. 167, 169, § 19; Code, Park's Supp. 1922, § 3154(s), Michie, § 3154(19). "If after fourteen days from the date of the injury, or at any time in case of death, the employer and the injured employee or his dependents reach an agreement in regard to compensation under this act, a memorandum of the agreement in the form prescribed by the commission shall be filed with the commission for approval as herein provided; otherwise such agreement shall be voidable by the employee or his dependents. If approved by the commission, thereupon the memorandum shall for all purposes be enforced by decree or judgment of the superior court, as herein specified." Ga. Laws 1920, p. 196, § 55; Code, Park's Supp. 1922, § 3154(ccc), Michie, § 3154(55). Obviously these sections refer to compromise and settlement before any claim has been filed with the department of industrial relations. In both sections it will be noted that a settlement is not binding until approved by the commission. Notwithstanding the last-quoted provision, these sections of the act do expressly provide for settlement, and the workmen's compensation law itself must be construed as favoring compromise settlements when carried out according to that act. The statute provides a mode of protecting the employee by requiring settlement to be approved by the commission. There is no provision in the act expressly qualifying in any way the right to settle claims pending before the commission or on appeal to the superior court. The General Assembly itself, it is to be assumed, considered such a provision unnecessary, because the commission in the one instance, or the superior court in the other, having acquired jurisdiction of a claim, assumed the duty of protecting the parties at interest in so far as their jurisdiction permitted. It is also to be assumed in the present instance, from the question propounded, that the controversy had been legally and properly appealed from the commission to the superior court. That being true, the superior court had full jurisdiction of the controversy and the parties. There is nothing in the question to indicate the grounds of the appeal or the issue to be decided on appeal, or to indicate that any of the parties are not sui juris or not properly represented if otherwise. No ques-

tion of fraud or lack of good faith is involved. The superior court is a court of general jurisdiction, combining within its powers the ability to protect wards and unfortunates. It is the established public policy, and essential to business integrity, that its judgments be upheld whenever its powers are properly exercised within its jurisdiction. "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." Civil Code (1910), § 4336. The answer to the question is based upon the jurisdiction of the superior court, and the conclusiveness of its judgment in a case where all of the parties are competent to act for themselves.

The Court of Appeals, in *Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599 (supra), held that a judgment rendered by the industrial commission for a lump-sum settlement was not "conclusive as to the employee's right to additional compensation within the maximum provided in the compensation act, in the event of a subsequent change in condition on account of which the employee seeks a review of the settlement." In that case there had been a previous award to be paid by the week. After about one fourth of the weekly payments had been made, the injured employee agreed with the employer for a lump-sum settlement, and the former applied to the commission for approval, which was granted. Subsequently the employee made application to the commission to review the settlement, on the ground of a change in condition. The commission denied the application. On appeal the superior court reversed that judgment. The Court of Appeals affirmed the judgment of the superior court. Nothing in this dissent is contrary to that decision. Whether under changed condition of the injured person the commission could reopen the case, is not here discussed. Such is not required in merely recording a dissent from the majority opinion. I think the first question should be answered in the affirmative. I concur in the answer to the second question.