45689. RYBERT & COMPANY v. CITY OF ATLANTA et al.
(368 SE2d 739)

MARSHALL, Chief Justice.

The appellant, a real-estate developer, has filed applications with
municipal building and zoning authorities, seeking approval of a pre-
liminary subdivision plat for the construction of 11 single-family resi-
dences in the Peachtree Heights East neighborhood in Atlanta, Geor-
gia.

The municipal authorities disapproved the plat under subdivision
regulations contained in the municipal code. The appellant responded
by filing in superior court a three-count complaint, containing alter-
native remedy requests, each of which is utilizable by the superior
court in appropriate circumstances to overturn a refusal by local gov-
erning authorities to approve applications such as the appellant's sub-
division plat in this case. The superior court denied appellant's re-
quests for relief on each of the three alternative grounds, thereby
sustaining the city's disapproval of the plat. The appellant has ap-
pealed the superior court's decision to this Court, which we agreed to
decide on an expedited basis.

For reasons which follow, we affirm those rulings contained
within the superior court's judgment, which deny appellant's requests
for relief on two of the asserted grounds, and we dismiss appellant's
appeal of the superior court's ruling which denies appellant's request
for relief on the remaining ground.

* * *

The appellant's plat was disapproved by the local authorities for
the primary reason that the subdivision sought to be developed is in a
proposed urban conservation district in which the platting pattern
consists exclusively of rectangular lots. However, the appellant's pro-
posed platting pattern does not call for rectangular lots, although it
could.

And, in the opinion of the Director of the Bureau of Planning of
the City of Atlanta, who is the official who initially rejected the subdi-
vision plat under a grant of authority in City of Atlanta Subdivision
Regulation § 15-4006 (a), a rectangular platting pattern would make
feasible the preservation of major trees in the subdivision, as required
by Subdivision Regulation § 15-4003.

In this regard, Subdivision Regulation § 15-4003 (c) requires all
trees of major growth in the subdivision to be preserved "[w]hen fea-

sible." Subdivision Regulation § 15-4006 (a) authorizes the planning bureau director to disapprove a subdivision "if from adequate investigation conducted by the bureau of planning, budget and/or other public agencies, it has been determined that in the best interest of the public the site is not suitable for development purposes of the kind proposed." The municipal code authorizes an administrative appeal of the planning bureau's decision to the City of Atlanta Bureau of Zoning Adjustment (BZA), which sustained the planning bureau's decision in this case. An appeal of the BZA decision to superior court is the next step in the administrative appeal process.

Here, as previously stated, the appellant filed in superior court a complaint couched in three alternative counts. In the first count, the appellant stated that he was pursuing a direct, administrative appeal of the order of the BZA upholding the planning bureau's decision, if such appeal to superior court was found to be a necessary, final step in the exhaustion of administrative remedies by the appellant. Second, the appellant requested issuance of a writ of mandamus compelling the various municipal authorities to approve the proposed subdivision plat. Third, the appellant asked the superior court to issue a declaratory judgment that Subdivision Regulation § 15-4006 (a) is unconstitutional.

However, it should be noted that although Subdivision Regulation § 15-4006 (a)'s grant of authority to the planning bureau — to disapprove a subdivision, if, from adequate investigation, it has been determined that in the best interest of the public the site is not suitable for development purposes of the kind proposed — does not itself provide objective standards to control the discretion of local authorities in such matters, the disapproval of the subdivision plat here does have an "articulable, objective ground of support," *Fulton County v. Bartenfeld*, 257 Ga. 766, 771 (4) (363 SE2d 555) (1988), based upon the concerns with regard to a uniform platting pattern and tree preservation. *Held:*

For reasons which follow, we affirm the rulings in the superior court's final judgment which deny appellant's requests for issuance of a writ of mandamus and declaratory judgment; we dismiss the appeal of the ruling which sustained the local authorities' disapproval of appellant's plat on administrative appeal.

(1) Reviewing briefly the applicable provisions of the Appellate Procedure Act (OCGA § 5-6-30 et seq.), OCGA § 5-6-34 (a) (1) authorizes appeals to this Court or to the Court of Appeals from all final judgments, except as provided in OCGA § 5-6-35; sub-sections (2) through (9) of OCGA § 5-6-34 (a) authorize direct appeals of various, specified judgments or orders, notwithstanding their non-finality. OCGA § 5-6-34 (a) (7) authorizes direct appeals, as a right, from "[a]ll judgments or orders granting or refusing to grant mandamus or any

other extraordinary remedy." OCGA § 5-6-34 (b) authorizes and establishes a discretionary interlocutory-appeal procedure, where a trial judge renders an order, decision, or judgment "not otherwise subject to direct appeal" and certifies the order, decision, or judgment for immediate review. OCGA § 5-6-35 authorizes and establishes a discretionary-appeal procedure from final judgments in certain cases specified in sub-section (a) of OCGA § 5-6-35. OCGA § 5-6-35 (a) (1) provides, in pertinent part, that "[a]ppeals from decisions of the superior courts reviewing decisions of . . . local administrative agencies" shall be taken as provided in OCGA § 5-6-35.

(2) Art. VI, Sec. VI, Par. II of the Georgia Constitution of 1983 vests this Court with exclusive appellate jurisdiction over, inter alia, "all cases in which the constitutionality of a law, ordinance or constitutional provision has been drawn in question." Art. VI, Sec. VI, Par. III (5) of the 1983 Georgia Constitution vests this Court with general appellate jurisdiction in "[a]ll cases involving extraordinary remedies."

(3) In both *City of Atlanta Bd. of Zoning Adjustment v. Midtown North, Ltd.*, 257 Ga. 496, 497 (n. 1) (360 SE2d 569) (1987) and *Brewer v. Bd. of Zoning Adjustment of Atlanta*, 170 Ga. App. 351 (317 SE2d 327) (1984), it was recognized that the BZA is a "local administrative agency" within the meaning of OCGA § 5-6-35 (a) (1), thereby requiring discretionary-appeal applications from decisions of the superior court reviewing decisions of the BZA.

In the *Midtown* case, the superior court reversed a decision of the BZA, which decision sustained the denial of plaintiff's request for a building permit. The BZA filed an application for discretionary appeal, which was granted. However, on appeal, the BZA contended that, notwithstanding its filing of the application for discretionary appeal, it was entitled to pursue a direct appeal as of right, since the constitutionality of an ordinance had been drawn in question in the case. This contention was rejected in *Midtown* on grounds that the state, constitutional provisions establishing appellate-court subject-matter jurisdiction do not preclude the enactment of statutes requiring that the appeals of a case be pursued by application for discretionary, appellate review. 257 Ga. at 497 (n. 1).

(4) Here, as previously stated, OCGA § 5-6-34 (a) (7) constitutes specific, statutory authorization for a direct appeal, as of right, from judgment or orders granting or refusing to grant mandamus, notwithstanding the fact that such orders or judgments might not constitute a final judgment in the case.

Similarly, a final judgment, which either grants or refuses to grant a request for issuance of a declaratory judgment, is directly appealable as of right under OCGA § 5-6-34 (a) (1), assuming that it is a final judgment.

Here, however, the trial court did not err in refusing to grant mandamus relief, in that the right to the extraordinary aid of a writ of mandamus exists only where the applicant for mandamus has a clear legal right to have performed the particular act sought to be enforced, and there is no other adequate remedy. E.g., *Ungar v. Mayor &c. of Savannah*, 224 Ga. 613 (1) (163 SE2d 814) (1968) and cits. In this case, the administrative-appeal procedure available to the appellant under local law provides a remedy alternative to the writ of mandamus, thereby divesting the appellant of any entitlement to issuance of the extraordinary writ. For essentially the same reasons, the trial court did not err in refusing to grant the request for issuance of a declaratory judgment. Cf. *Moss v. Central State Hosp.*, 255 Ga. 403 (339 SE2d 226) (1986), rev'ing 176 Ga. App. 116 (335 SE2d 456) (1985), with *Wooten v. City of Atlanta*, 149 Ga. App. 568 (254 SE2d 889) (1979). See generally 8 E. of Ga. L. Declaratory Judgments, § 6 (1978 Rev.).

In this regard, it should be noted that in the appellant's direct, administrative appeal of the BZA decision; in his attack on the constitutionality of the subdivision regulation under which his subdivision plat was disapproved; and in his application for writ of mandamus to compel the local authorities to approve the subdivision plat, the ultimate issue is whether, under the subdivision regulations, taking into consideration the mandates of constitutional law applicable thereto under the line of decisions exemplified by *Bartenfeld*, the municipal authorities were authorized to disapprove the appellant's subdivision plats under the facts and law of this case.

(5) The appellant's appeal to this Court from the superior court's affirmance of the BZA decision, in the superior court's review thereof in appellant's administrative appeal, is not properly before this Court, in that OCGA § 5-6-35 (a) (1) clearly requires that an application for discretionary appeal be filed in order to obtain appellate review of the trial court's disposition of the administrative appeal.

(6) Resolution of the merits of the administrative appeal is not authorized by OCGA § 5-6-34 (c), which provides, in pertinent part, that

[w]here an appeal is taken under any provision of subsection (a) or (b) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in subsection (a) or (b) of

this Code section, or elsewhere.

Here, our holdings that the appellant is not entitled to the declaratory-judgment and mandamus remedies are predicated upon the availability of the administrative appeal and not upon the appellant's entitlement to judicial relief therein. Consequently, appellate review of the merits of the administrative appeal would not affect our holdings sustaining the superior court's denial of mandamus and declaratory-judgment relief.

*Appeal affirmed in part and dismissed in part. All the Justices concur.*

DECIDED JUNE 9, 1988 —
RECONSIDERATION DENIED JUNE 30, 1988.

*Davis, Matthews & Quigley, Ron L. Quigley, Robert E. Casey, Jr., James E. Gilson,* for appellant.
*David D. Blum, Marva Jones Brooks, Robert L. Zoeckler, Michael T. Nations,* for appellees.