S91A0600. SOUTHERN STATES LANDFILL, INC. v. CITY OF
ATLANTA BOARD OF ZONING ADJUSTMENT et al.

(410 SE2d 721)

BELL, Justice.

In 1975, the City of Atlanta granted appellant Southern States Landfill, Inc. (hereinafter, Southern States) a special-use permit to operate a sanitary landfill. In 1990, the Director of the Atlanta Bureau of Buildings issued appellant a permit to build on the sanitary landfill site a station to transfer solid waste from vehicle to vehicle for transportation to a disposal facility or processing operation (hereinafter, solid-waste transfer station), and the Atlanta Commissioner of Public Works issued an operational permit for the solid-waste transfer station. Two neighborhood associations subsequently appealed the issuance of the permits to the Atlanta Board of Zoning Adjustment (hereinafter, BZA). In April 1990, the BZA sustained the appeal and revoked the building[1] permit after holding a public hearing. In that same month, appellant filed a notice of appeal with the BZA.

On July 17, 1990, appellant also filed a "complaint and appeal" in superior court. Appellant sought to appeal the BZA decision, and in the alternative sought a writ of mandamus to compel issuance of the building permit and a writ of prohibition to prevent revocation of the operational permit.[2] Defendants-appellees (the BZA, the Director of the Bureau of Buildings, and the Commissioner of Public Works) moved to dismiss. They contended that the appeal was untimely because, they argued, Atlanta City Code § 16-26.007 requires that appeals from all BZA decisions be filed with the superior court within 30 days of the BZA decisions. They further contended that § 16-26.007 provided appellant an adequate remedy at law, and that the claims for mandamus and prohibition therefore would not lie. The superior court granted appellees' motion to dismiss, without entering any findings or conclusions, and this Court granted appellant's discretionary application. We affirm the superior court's dismissal of the appeal, but reverse the dismissal of the claims for mandamus and prohibition.

1. Much of appellant's argument is predicated on its contention that appeals from BZA decisions are governed only by OCGA § 5-3-21, which provides that an appeal to superior court "may be taken by filing a notice of appeal with the court, agency, or other tribunal appealed from." Under appellant's reasoning, its appeal was timely because, consistent with § 5-3-21, the notice of appeal was filed with the

---

[1] The BZA decision did not address the operational permit. For the purposes of this appeal we assume, without deciding, that the BZA decision implicitly revoked the operational permit.

[2] Appellant says that it sought the writ of prohibition because the BZA left unclear whether the BZA had revoked the operational permit.

agency appealed from (the BZA) within 30 days of the BZA decision. Appellees respond that § 5-3-21 does not apply to appeals from BZA decisions. We agree with appellees.

The 1983 Ga. Const., Art. VI, Sec. IV, Par. I, provides that "[t]he superior courts shall have such appellate jurisdiction, either alone or by circuit or district, as may be provided by law." This provision is not self-executing, and does "not become operative until legislative action regulating the mode and manner of appeal." *DeLamar v. Dollar*, 128 Ga. 57, 66 (3) (57 SE 85) (1907) (citing *Hendrix v. Mason*, 70 Ga. 523 (1883)). Accord *Dept. of Industrial Relations v. Travelers Ins. Co.*, 177 Ga. 669, 671 (1) (170 SE 883) (1933). "The appellate jurisdiction of the superior court must be exercised, and can only be exercised, in such cases as are provided by law." *DeLamar*, supra, 128 Ga. at 66. Accord *Dept. of Industrial Relations*, supra, 177 Ga. at 671.

OCGA § 5-3-21 does not constitute an enabling act that authorizes appeals from any court, agency, or tribunal, and any authority for appeals to superior court must be found in other Code sections. See generally, e.g., OCGA § 5-3-2 (right of appeal to superior court from probate court); OCGA § 34-9-105 (right of appeal to superior court from workers' compensation award). Accordingly, § 5-3-21 provided no right of appeal in this case.

2. Appellees contend that § 16-26.007 provided appellants an adequate remedy at law, and that dismissal of appellant's claims for mandamus and prohibition therefore was correct. Appellant responds that § 16-26.007 does not authorize appeals from decisions of the BZA that review building and operational permits. We find that appellant's argument has merit.

Section 16-26.007 is located in Chapter 16-26 of the City Code, which deals solely with variances. Although § 16-26.007 does state generally that "[a]ny person aggrieved by *a decision* of the [BZA], or any officer, department, board, or bureau affected by such decision, may appeal from such decision to the superior court of Fulton County" (emphasis supplied), nothing else in § 16-26.007 or Chapter 16-26 indicates that, notwithstanding its location in the variances chapter, § 16-26.007 is intended to apply to all appeals from BZA decisions, including BZA decisions that review building and operational permits. Moreover, this Court is unaware of any cross-reference to § 16-26.007 in the City Code. See, e.g., Ch. 6-4, Art. C (creating the BZA and establishing its procedures and powers); Ch. 9-6, Art. D (solid waste disposal), and especially § 9-6096 (requiring operational permits for solid-waste transfer stations); and Ch. 16-30 (building permits). Balancing the ambiguous language of § 16-26.007 against its specific location in the City Code and the absence of cross-referencing elsewhere in the City Code, we find that the most reasonable and fairest construction of § 16-26.007 is that it is limited to appeals from

variance BZA decisions.

Appellees argue that this Court adopted a contrary holding in *Rybert &c. v. City of Atlanta*, 258 Ga. 347, 350 (4) (368 SE2d 739) (1988). In *Rybert*, the appellant filed an appeal to superior court from a BZA decision,[3] as well as claims for a writ of mandamus and a declaratory judgment. In holding that the trial court did not err by refusing to grant mandamus relief and a declaratory judgment, we stated that

> the administrative-appeal procedure available to the appellant under local law[4] provides a remedy alternative to the writ of mandamus, thereby divesting the appellant of any entitlement to issuance of the extraordinary writ. For essentially the same reasons, the trial court did not err in refusing to grant the request for issuance of a declaratory judgment. [Cits. omitted.] [Id.]

In the present case we have expressly balanced the general wording of § 16-26.007 against its isolated position in the variances chapter of the City Code and the absence of cross-referencing, and have found that the latter factors govern the scope of that section. In contrast, *Rybert* gives no indication that it took those factors into account, and therefore stands only as physical precedent for the proposition that § 16-26.007 applies to appeals from non-variance BZA decisions. To the extent the physical precedent of *Rybert* is inconsistent with our holding in the present case, *Rybert* will not be followed.

Accordingly, we hold the administrative-appeal procedure under § 16-26.007 is limited to decisions of the BZA concerning variances, and that § 16-26.007 provided no right of appeal in the present case.

3. Because neither § 5-3-21 nor § 16-26.007 authorized an appeal, the superior court reached the correct result dismissing the appeal, and we affirm the court's judgment in that regard. Because appellant had no adequate remedy at law, we find the superior court erred in dismissing the claims for mandamus and prohibition, and we reverse the judgment in that respect.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Weltner, Hunt and Benham, JJ., who dissent.*

HUNT, Justice, dissenting.

This court, in *Rybert &c. v. City of Atlanta*, 258 Ga. 347, 350

---

[3] The BZA decided an appeal from a decision of the Director of the Bureau of Planning, who rejected a subdivision plat under the provisions of Atlanta City Code Chapter 15-4.

[4] *Rybert* does not expressly reference § 16-26.007, but the *Rybert* record shows that *Rybert* was referring to § 16-26.007.

(368 SE2d 739) (1988), held mandamus and prohibition were unavailable to appeal decisions of the BZA, because an appellant could pursue an administrative appeal, which provided an adequate remedy at law. I would not overrule that decision, and, therefore, respectfully dissent.

I am authorized to state that Justice Weltner and Justice Benham join in this dissent.

DECIDED NOVEMBER 27, 1991 —
RECONSIDERATION DENIED DECEMBER 18, 1991.

*Elaine M. Russell, Steven J. Strelzik,* for appellant.
*David D. Blum, Joe M. Harris, Jr., Robert L. Zoeckler,* for appellees.